EASTERN DIS.
August, 1832.

LOBDELL
vs.
NIPHLER.

## LOBDELL vs. NIPHLER.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

Where the holder of a note appears at the *concurso* of the maker's creditors and votes that property which is mortgaged to secure the payment of the note shall be sold on time, the endorser is discharged.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

The plaintiff, holder of a note made by one Simpson, payable to Whitler, and by him endorsed in blank, and subsequently endorsed by the defendant, sues the latter on his endorsement. There was judgement in the court below for the plaintiff, from which the defendant appealed.

The statement of facts shows that all steps were taken by the holder of the note necessary to charge the defendant as endorser, who claims a release from his obligation to pay, in consequence of the plaintiff's having done acts which operated an extension of time for payment to the maker. It appears that he failed and made a cession of his estate to his creditors, at the meeting of whom the plaintiff appeared and vote ⌐ for the sale of the property surrendered at a credit of one and two years, &c. Amongst the effects of the insolvent, was property mortgaged to secure the

payment of the note now sued on, and the property was sold under the direction of the creditors on the terms above stated. The first instalment became due before the note in ·question, but did not suffice to discharge it, and other credits which had a preference. If the conduct of the plaintiff in this respect, operated an extension of the time of payment to the original promisor, and thereby put it out of the power of the holder to place the endorser in as favorable a situation in regard to the maker of the note on payment by the former to the endorser, the endorser was clearly exonerated from his obligations as such, according to well established principles of the law relating to negotiable instruments.

The vote of the plaintiff in Simpson's *concurso*, seems to us necessarily to have produced this effect. By appearing there, and assuming the character of creditor, he ought to have exercised his rights as such *stricti jure*, if he intended finally to resort to the endorsers on the insolvent's note. He had a right to cause the property mortgaged for the payment of the note to be sold for cash, or at least on a term to meet the payment of the debt so soon as it became due. Had Niphler paid the note at maturity to the holder, he would have been subrogated to the rights of the latter; but by his conduct in the *concurso* of the promisor, those rights were deteriorated, for the property mortgaged could no longer be sold for cash, having been already sold on credit at the instance of the plaintiff, who had united with other creditors to cause the sale to be made on terms of one and two years. According to this view of the case, it is clear that improper indulgence was given to the maker of the note by the endorser.

Where the holder of a note appears at the *concurso* of the maker's creditors and votes that property which is mortgaged to secure the payment of the note shall be sold on time, the endorser is discharged.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and it is further ordered, that judgement be here entered for the defendant and appellant, with costs in both courts.