ROBERT F. McGUIRE *v.* BARNET G. WOOLDRIDGE and others.

Action by the transferree after maturity, against the endorsers of a promissory note, executed by the maker for the price of land purchased by him from the payee, and secured by mortgage on the property sold. To enable the maker to secure, by a mortgage of the property, the payment of notes to be given by him to a Bank, in discharge of a debt due by the payee to the Bank, thereby substituting the maker to the payee as debtor to the Bank, the latter, the vendor, executed an act "releasing the mortgage given by the maker," with a stipulation "that the release shall be null and void, unless the mortgage tendered by the maker be accepted by the Bank" within a fixed period. *Held,* that the substitution of the maker as a debtor to the Bank, was a sufficient consideration for the contract of release ; that the payee was precluded by the act from exercising his rights on the note and mortgage, until the expiration of that time ; that the endorsers were sureties of the maker ; but that whether considered as such, or as mere endorsers, the act having been executed without their assent, they were discharged. C. C. 3030, 3032.

The holder of a note must retain the faculty of transferring all his rights against the maker absolutely unimpaired, or the endorsers will be released. He must not agree to give time, and suspend his remedy by precluding himself from suing the maker.

If the holder of a note secured by mortgage, appears at the meeting of the creditors of an insolvent, and votes for a sale of the mortgaged property on terms of credit, he will thereby release the endorser.

A surety has the right to stand upon the very terms of his contract. The creditor has no right to make any change, though beneficial to the surety, under the penalty of releasing him.

APPEAL from the District Court of Caldwell, *Curry,* J.

*McGuire, pro se,* relied on the case of *Huie v. Bailey,* 16 La. 216, and the cases there cited, and 19 La. 211.

*I. Garrett,* for the appellants. There was a sufficient consideration for the contract of release. 6 Peters, 251. *Calliham* v. *Tanner,* 3 Robinson, 299. 3 Mart. N. S. 596. The release having been by public act, was binding without a consideration. Civil Code, arts. 1523–1525. It is no answer that the arrangement may have been beneficial to the surety. He has a right to stand upon the very terms of his contract. 9 Wheaton, 680. 5 Peters' Condens. Rep. 728. *Lobdell* v. *Niphler,* 4 La. 294. 7 Mart. N. S. 13. *Millaudon* v. *Arnous et al.,* 3 Mart. N. S. 598. Civil Code, arts. 3030, 3032.

SIMON, J. Two of the defendants, James A. Wooldridge, and

W. P. Snow, are appellants from a judgment rendered against them, *in solido*, as endorsers of certain notes drawn by Barnet G. Wooldridge, their co-defendant, in consideration of the price of certain property situated in the town of Columbia, sold to the latter by one Stokes, who, sometime after the notes became due, transferred them to the plaintiff. The notes sued on, were due on the first of April and twenty-first of May, 1840 ; were secured by a mortgage reserved on the property sold, and were transferred by notarial act to the plaintiff on the 13th of November, 1841. They had been duly protested at maturity.

The appellants pleaded their discharge on the following grounds : That the notes sued on, having been endorsed by them as sureties of the principal debtor, who purchased the property, were received by Stokes, who retained a special mortgage on the property sold, for the payment thereof. That the endorsers were released by the act of said Stokes, who, while he was holder of the notes, and after they had become due, gave expressly an extension of time to the principal debtor, from the 9th of April, 1841, until the first of October following, and executed a release of the mortgage given by the purchaser to secure the payment of said notes, all which, was done without the consent of the sureties and endorsers.

There was judgment below in favor of the plaintiff, for the balance due on the notes.

The notes sued on bear even date with the deed of sale, and are identified with it ; they were made payable and negotiable at the office of discount of the New Orleans Gas Light and Banking Company, at Harrisonburg ; and were transferred to the plaintiff, long after they became due.

The evidence shows, that on the 9th of April, 1841, a certain act of release was executed by Stokes in favor of the purchaser, in which it is declared and acknowledged that he, the vendor, does by these presents hereby release, annul, and make void the mortgage given by said Wooldridge (the purchaser of the property,) to said Stokes. The object of the act was, to enable the maker of the notes to mortgage the same property to the New Orleans Gas Light and Banking Company, for the purpose of securing the payment of notes to be given by said maker to the Bank, " in payment

of money due by Stokes to said Bank ;" and if such arrangement was made with the Bank, so as to substitute Wooldridge as debtor to the Bank, in the place of Stokes, the amount for which he should so substitute himself, was to be applied in payment or satisfaction of the original notes given by Wooldridge, the maker, to Stokes, for the purchase of the property mortgaged. It is, however, further stipulated, that " this release of mortgage in favor of said Bank shall be null and void, unless the mortgage tendered by said Wooldridge, shall be accepted by the Bank by notarial act, between the date of the act of release and the first Monday in October next."

From the stipulations contained in this act of release, it appears to us manifest, that the intention of the parties was to suspend all action upon the notes sued on and the mortgage, until the expiration of the time allowed for procuring a novation of the debt due by Stokes to the Bank. Until then, the mortgage was to be considered as released ; and until then, Stokes was undoubtedly precluded from exercising his rights upon the notes, as well as upon the mortgage. The transaction between the parties amounted to a delay of six months, allowed by the creditor to the principal debtor, to enable him to make the arrangement with the Bank, which would have the effect of extinguishing the obligation contracted by Stokes towards the Bank, by substituting thereto the new obligation of said debtor, who, thereby, was to be discharged from the debt he formerly owed to Stokes. Nay, the mortgage given to secure the notes sued on, was to be taken as released, or not existing for the space of six months, subject to being revived, if the arrangement by novation was not completed, and accepted by the Bank, between the periods mentioned in the act.

Now, under art. 3030 of the Civil Code, the surety is discharged, when by the act of the creditor, the subrogation to his rights, mortgages, and privileges, can no longer be operative in favor of the surety ; and by art. 3032, the prolongation of the term granted to the principal debtor, without the consent of the surety, releases the latter. The appellants, though endorsers of the notes, cannot, from the evidence, be considered in any other light than as sureties, that is to say, as having endorsed the notes for the purpose of securing the payment of their amount. But,

were they to be considered as mere endorsers, they would have, on paying the notes, the same right of being subrogated to all the rights and securities of the holder ; and as this court held in the case of *Millaudon* v. *Arnous et al.*, 3 Mart. N. S. 598, the holder of a note must retain the faculty of *transferring all his rights absolutely unimpaired* against the maker, otherwise the endorsers will be released. *He must not agree to give time;* and *suspend his remedy*, by precluding himself from suing the maker. See also 7 Mart. N. S. 13. 4 La. 295. 6 Peters, 251. Now, how could Stokes have transferred his rights unimpaired to the appellants ? Had· he not consented to the conditional release of the mortgage ? Could he have subrogated them to his rights, mort- gages and privileges, and could such subrogation have operated in favor of the appellants between the date of the act of release and the first Monday of October following ? Certainly not. Stokes was precluded from exercising his rights, and was bound to await the expiration of the time by him granted to the principal debtor. In the case of *Lobdell* v. *Niphler*, 4 La. 294, this court held, that if the holder of a note secured by mortgage, appears at the meet- ing of the creditors of the insolvent debtor, and votes for a sale of the mortgaged property on terms of credit, he thereby releases the endorser.*   So it must be in this case ; and the conditional re- lease of Stokes' mortgage, and the time by him granted to carry the contemplated arrangement into execution, must also have the effect of releasing the appellants.

It has been urged, that no consideration was given for the exten- sion of time ; and that, at all events, if the arrangement had been carried into effect, it would have been beneficial to the sureties. This we cannot admit; for it is a well settled rule, that the surety has a right to stand upon the very terms of his contract, even if he should be benefitted by the change, and the creditor has no right to make any such change. 9 Wheaton, 680. 5 Pe- ters, 728. As to the want of consideration, we cannot agree with the appellee's counsel. It is clear that Stokes was to be bene-

---

* But see the case of *Léger* v. *Arcenaux and another*, decided at Opelousas, 5 Rob- inson, 513.

fitted by the arrangement; that the substitution of Wooldridge, as debtor to the Bank in his stead, was the principal object he had in view when he granted the release; and that this important object was a sufficient consideration, if any such consideration was necessary.

On the whole, we think the Judge, *a quo*, erred, in not discharging the appellants from the obligations sued on.

It is, therefore, ordered, that the judgment of the District Court be annulled, and reversed; and that ours be in favor of the defendants and appellants, with costs in both courts.