## SUCCESSION OF SARGENT PRATT.

The surety is entitled to the benefit of all the securities in the hands of the creditors, and if any of them is lost by his acts, neglect, or want of due diligence, he is, to that extent, discharged.

A surety on a tutor's bond has a right to demand the cancellation of the bond, when, without his consent, any of his co-sureties are released by a judgment homologating the proceedings of a family meeting which consented to the erasure of the name of the co-surety from the bond.

The discharge of the surety, under article 3030 of the Code, only takes place to the extent to which the acts of the creditor have prejudiced the recourse of the surety for reimbursement of what he may be obliged to pay under his contract of suretyship.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Lea & Pratt*, for plaintiff and appellant. *Durant & Hornor* and *Paxton, Bonford et als.*, for defendants.

DUFFEL, J. This suit commenced by a rule taken by John Pasley,

against Ann O'Brien Pratt, late widow of Sargent Pratt, and now wife of Richard Ryan, also against said Ryan and the legal heirs of Sargent Pratt, to obtain his release as surety of Ann O'Brien Pratt, on her bond as usufructuary of the property which constituted the community between her and Sargent Pratt. This bond was given in compliance with a decree of this court rendered in the same succession and reported in 12 An. 457.

The conditions of the bond are substantially those required by the Code, Art. 551, with the addition "that the usufructuary will well and truly return *in kind* the said estate to the heirs of the deceased."

The District Judge dismissed the rule.

The only questions which this case presents are: 1o. Is the surety of an usufructuary discharged by the fact that the slaves subject to the usufruct were sold, on a rule taken by the usufructuary, against the owners, the surety not being a party to the rule, and it not appearing that the sale was provoked to effect a partition or to satisfy the charges affecting the property subject to the usufruct? 2o. Can the surety sue immediately for his discharge, or must he reserve his plea, as a means of defence, when sued on the bond?

On the first point. The usufruct in this case was of two kinds, perfect and imperfect. C. C. 526.

The obligation of the usufructuary was, under the law, C. C. 527, to restore the objects comprised under the *perfect usufruct*, to the owners, at the expiration of the usufruct.

The surety is presumed to have signed the bond with a knowledge of the law under the title of usufruct, use and habitation.

Had the slaves in question been sold under a private contract between the usufructuary and the owners, the surety would, without doubt, have been thereby fully discharged, unless he had been a party to the contract, and had given his assent to the change in the condition of the bond.

If this affirmative proposition be sound law, and we hardly think that it will be contested, it then logically follows that a sale of the slaves, made without proof of its necessity, and, apparently, under a consent judgment, must likewise carry with it the discharge of the surety.

Our deductions are taken from the principles of the law of suretyship, that the surety is entitled to the benefit of all the securities in the hands of the creditors, and that if any of them is lost by his acts, neglect, or want of due diligence, the surety is, to that extent, discharged. C. C. 3030; *Saulet* v. *Trépagnier*, 2 An. 428; *McGuire* v. *Wooldridge et als.*, 6 Rob. 47, *Hereford* v. *Chase*, 1 Rob. 212.

On the second point. We held in the case of *Bradley* v. *Trousdale et als.*, 15 An. 206, that a surety on a tutor's bond has a right to demand the cancellation of the bond, when, without his consent, any of his co-sureties are released by a judgment homologating the proceedings of a family meeting which consented to the erasure of the name of the co-surety from the bond.

The reasons assigned for judgment in that case authorize the present suit; and it is evident that the decision of the question *now*, is in the interest of the owners themselves, as they may at once require of the usufructuary a new bond and security, and take, in the meantime, proper steps to prevent the payment, to the usufructuary, of such portion of the price of said slaves as may yet be due. The surety is not, however, en-

tirely exonerated; for his obligations, in so far as they do not refer to the <span style="float:right;">Succession of PRATT.</span> slaves sold as aforesaid, or to their price, remain the same. *Percy's Administrators* v. *Barrow*, 11 An. 179.

It is therefore ordered, that the judgment of the District Court be reversed. It is further ordered and decreed, that the bond of eight thousand dollars furnished on the 2d of July 1857 by Ann O'Brien Pratt as principal, and John Pasley as surety, be now reduced, as to the said surety, to the sum of six hundred and fifty dollars, and that he be fully discharged for the excess which represented the interest of the heirs of Sargent Pratt in the slaves belonging to his succession. It is further ordered and decreed, that the defendants on the rule pay the costs of both courts.

VOORHIES, J., absent.