## No. 11,900.

UNION NATIONAL BANK OF NEW ORLEANS VS. J. G. GRANT.

Whether the endorser of a note is the surety or endorser in the strict mercantile sense, he will be released if, without his consent, the holder releases the maker of the note. Story on Notes, Secs. 423, 424; Civil Code, Art. 3061.

Nor is such defence of the release of the maker at all affected, because, at the maturity of the note, the endorser waived demand, notice and protest.

The vote of the holder of the note at the meeting of the creditors of the insolvent maker, in favor of his discharge, releases the endorser. Civil Code, 2170, 2177; 7 Martin, N. S. 13; 4 La. 295; 42 An. 540.

Such discharge is not that of the law, but results from the voluntary action of the creditor. *Ibid.*

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*Carleton Hunt* for Plaintiff, Appellant.

---

*W. S. Parkerson* for Defendant, Appellee

Argued and submitted November 23, 1895.
Opinion handed down December 2, 1895.
Rehearing refused January 6, 1896.

*Carleton Hunt*, on application for rehearing:

There is error to the prejudice of plaintiff bank in the opinion heretofore herein rendered.

Because said opinion wrongfully holds that the discharge of the insolvent debtors, H. Kern & Sons, in their *cessio bonorum*, discharged defendant endorser, J. G. Grant, from his liability on their notes, whereas said discharge was and is merely personal to their debtors. Const. U. S., Art. 1 Sec. 10; Rev. C. C., Art. 2177; 10 Rob. 43; 8 Rob. 204; 4 An. 359; Pothier on Obligations, Vol. 1, No. 381; 3 N. S. 28; 42 An. 540; 12 Wheat. 554; 6 How. 283; 5 Maclean 353; 5 Rob. 514; 8 An. 323.

Because said opinion wrongfully holds that said discharge was the act of plaintiff bank, creditor of H. Kern & Sons, whereas said discharge took place by operation of law, and left defendant endorser, J. G. Grant, duly bound to plaintiff on his endorsement of said notes of H. Kern & Sons. Rev. C. C. 2173, 2174, 2177; Story on Promissory Notes, Sec. 428; Decolyar on Guaranties, 363, 364; 7 Pick. 295; 122 Mass. 500; 9 L. R. (C. R.) 216; 10 L. R. 10; 10 L, 212; 103 U. S. 301.

Because said opinion wrongfully holds that the defendant endorser, J. G. Grant, is not bound under his waiver of demand, protest and notice of protest on said notes of H. Kern & Sons, whereas he bound himself absolutely for the payment of said notes, under and by virtue of said waiver, and is held under a new contract, and his obligation in favor of plaintiff bank, holder of the notes, can not be affected by the alleged discharge of said H. Kern & Sons, makers of the notes. Parsons on Billsand Notes, Vol. 2, 244; 28 An. 921; 33 An. 303.

The opinion of the court was delivered by

MILLER, J. This suit seeks to make a defendant liable as endorser on notes. The defence is that the plaintiff has discharged the

maker of the notes.    From the judgment in favor of defendant plaintiff appeals. ·

The notes were to the order of the makers, by them endorsed, and defendant's name is on the back of the notes following the payee's endorsement.    In that condition the notes were acquired by the plaintiff from the makers.    When the notes matured defendant, at plaintiff's request, waived demand, protest and notice.·    The makers applied for the benefit of the insolvent laws, making the surrender of their property.    At the meeting of their creditors plaintiff, as holder of the notes, voted in favor of a discharge of the insolvents.

It is strenuously contended that defendant is to be viewed as an endorser in the commercial sense.    *Prima facie*, that is his position, enforced, it is claimed, by his waiver of demand, protest and notice.    If an endorser, it is argued that his waiver deprives him of any defence, based on the discharge of the maker of the notes.    We are not aware that this effect has ever been attributed by our courts to a mere waiver of demand, notice and protest, unless the case of the Union Bank vs. Lee, 33 An. 303, is to be accepted as such authority.    In that case the endorser pleaded he had been discharged because the plaintiff had permitted prescription to accrue in favor of the maker, thus preventing any recourse of the endorser, if made to pay.    The defence failed.    The court seems to have attached importance to the fact that the endorser had paid interest on the note.    The payment was before any prescription had accrued, and it is not easy to see the bearing of that payment on the defence of the after-acquired prescription in favor of the maker, of which the endorser sought to avail.    The court. in that case also relied on Story and Daniel, to support the conclusion of the effect of the waiver.    The texts cited affirm the waiver as dispensing with the preliminary steps of the holder to fix the liability of the endorser, but do not touch the effect of the discharge of the maker by the endorser.    Story on Notes, Secs. 271, 273;  2 Daniel, Sec. 1090.    The endorser's liability is conditional, based on demand, protest and notice.    If these are waived, he becomes unconditionally liable, and in this sense, after such waiver, he becomes, as is affirmed by the authorities cited by plaintiff, the unconditional debtor.  ·Story, Sec. 198.    But though liable in this sense, the endorser is still entitled to his defence, arising from the subsequent discharge of the maker.

Story, Secs. 423, 424.   We can not perceive on principle or authority that a mere waiver of protest, notice or demand deprives the endorser, when sued, of the defence that by the act of the plaintiff he is stripped of all recourse against the maker of the note, nor, in our view, does plaintiff's argument on this branch of the case find support in the passage cited from Parsons on Contracts.   These waivers are frequent.   Even as applied to demand, protest and notice, the waivers are strictly construed; in some cases it having been held that waiver of on of these requisites did not waive others. " Agreements of this sort are always construed strictly, and not extended beyond the fair import of the term; thus a waiver of notice shall be no excuse for want of due presentment."   Story, Sec, 272. We can find no basis, therefore, to extend the waiver in this case so as to relinquish a defence not at all connected with the subjects of the waiver.

It is in evidence the notes were endorsed by defendant for the accommodation of the maker known to the bank.   That testimony puts the defendant in the position of a surety.   In our view the capacity of defendant on the notes is not material.   If an endorser, in the commercial sense, he is discharged, if, by an act of the holder, the maker is released, and if a surety he is entitled to the same defence.   Civil Code, Article 3061.

This brings us to the consideration of the discharge pleaded, based on the vote of plaintiff at the meeting of creditors.   The plaintiff contends that the discharge was only of the person of the debtor, but did not discharge the obligation.   In support of this argument, the plaintiff relies on the text-books and an array of authorities based on the bankruptcy legislation of the United States and the English statutes of bankruptcy.   The passage from Story epitomizes the law, the subject of these authorities.   He observes the discharge of the joint maker or endorser, under an insolvent or bankrupt act, will not operate to discharge any other party to the note from liability, but operates as a bar or discharge of the insolvent personally.   The reason is, it is the act of the law.   Story, Sec. 428.   The text is fully sustained in the cases cited by plaintiff, and without any adjudications would command ready assent.   These authorities do not undertake to discriminate as to the remedy left against the insolvent.   No such discrimination is possible.   The discharge under the Federal bankrupt act is complete as to person and property of

the debtor.    Revised Statutes of the United States, Sec. 5115.    The purport of the authorities cited is that when the discharge of the maker of the law the discharge is personal to the insolvent, not of the other parties to the note. If these authorities are cited to sustain the contention that a discharge in bankruptcy under the Federal legislation on the English statutes leave intact the personal obligation of the insolvent, they fail of the purpose.    But that which is involved here is: the effect of the discharge under the insolvent laws of Louisiana.    Under the Code such discharge is a complete release of the debtor in person and property, save and except as to the property surreundered, and if he comes to better fortune the insolvent may be compelled to make a new surrender.    Civil Code, Articles 2170, 2177, *et seq.*; Goicochea vs. Ricarte, 4 La. 45; Glenn vs. Dunbar's Administratrix, 10 An. 253.

Under our law, the assent of the majority of the creditors in number and amount is requisite for the discharge of the insolvent. Without that assent he remains bound, and the whole effect of the proceeding is to distribute the proceeds of the surrendered property to his creditors. · For such a discharge, the plaintiff, as holder of the notes, concurred with others in giving to the maker of the notes on which defendant is now sought to be held, as endorser.    It is immaterial, in our view, that others voted for the discharge.    It may be that without plaintiff's vote, enough would have voted for the release.    It is enough, we think, that plaintiff concurred in the discharge.    As it is put in one of the cases cited below, in answer to the proposition, that without the vote of the creditor for the respite, it would have been granted.    "We do not think we are permitted to go into that question.    What would have been the effect of the appellants refusing the indulgence, we do not know.    The effect of a positive act can not be destroyed by speculation as to what would have been the situation of the parties, if the act had not been done."    The court held that the vote of the holder of the note for the respite, discharged the maker.    Nolte vs. Their Creditors, 7 Martin N. S. 13; Lobdell vs. Niphler, 4 La. 295; McGuire vs. Wooldridge, 6 Rob. 47; Succession of Latchford, 42 An. 540.    It seems to us that a discharge of the insolvent maker of a promissory note by the votes of the creditors can not be deemed the act of the law.    It is that of the creditors.    Under the Federal bankrupt act, it is the law alone, independent of any action of creditors, that grants the

discharge.    Under our law, the action of the creditor is requisite, and binds them with respect to the endorser, quite as effectively as any other form of discharge.    The discharge of the maker by the holder is the release of the endorser.

We have given attention to the cases cited and elaborately reviewed by plaintiff's brief.    The court, in one of the cases, passing on the cashier's power to vote a discharge to the maker on the notes held by a bank, found a reason for sustaining his vote, in the fact that the discharge left in force the right of the bank to compel a new surrender under the circumstances stated in the Code.    Another case maintains that the vote that the insolvent's property be sold on time was not injurious to the endorser, and would not discharge him.    Another decision is rather to the contrary, and on the same line, is yet another of those cited.    In our view, the discharge to the endorser, resulting from the release by the holder of the maker, is none the less effective, because the possibility of compelling a new surrender is left intact, and if voting for terms of credit for the sale of the insolvent's property may not, in some cases, and in others will, discharge the maker as affirmed in these decisions, with greater reason will the vote of the holder for a discharge of the maker accomplish the result.

.  It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, costs to be paid by appellants.