BARNETTE, Judge.
Plaintiff brought its suit on two promissory notes against defendant for the full principal, totalling $10,000, plus interest and attorney’s fees. After trial on the merits, the district court entered judgment for the plaintiff for the full amount as prayed, and defendant has appealed sus-pensively from that judgment.
The first note was executed on December 31, 1959, at New Ulm, Texas, in the amount of $5,000, payable in six months to plaintiff. The maker of the note was Inland Engineering Company, Inc., by its president. The second note was the same in all respects with the exception that it was dated March 19, 1960, and was payable in 90 days. At the request of the maker, defendant endorsed both notes in New Orleans on the days on which they were executed. He was the last of four accommodation endorsers to sign the instruments.
Appellant raised several defenses at trial, all of which were rejected by the court, and he has reurged only one of them on appeal. We have considered the defenses argued in the district court which have not been raised on this appeal and find no error in the disposition of them by the trial court. Therefore, we will not discuss them specifically.
The defense urged on appeal is that plaintiff discharged defendant on the notes by discharging the maker and the prior endorsers. In this contention he relies on section 120 of the Negotiable Instrument Law, LSA-R.S. 7:120, and Union Nat. Bank v. Grant, 48 La.Ann. 18, 18 So. 705 (1895). Since the Grant case was decided nine years before the passage of Act 64 of 1904, which adopted the Negotiable Instrument Law we are not constrained to follow it, even if it were applicable on its facts.
Section 120 of the NIL provides in part: “A person secondarily liable on the instrument is discharged: * * * (3) By the discharge of a prior party * * Appellant claims that the president of the bank discharged the maker and the other endorsers by “charging off” the loan as an asset of the bank. The evidence shows that the action taken by the bank was a matter of internal banking procedure whereby a delinquent note is satisfied out of undivided bank profits so that it can be removed from the list of assets of the bank. There was no evidence to show that the bank discharged the other parties to the instruments from their liability thereon.
Both of the notes contained the following provision: “Each maker, surety and endorser hereon waives grace, protest, notice and presentment for payment, and consents that the time of payment may be extended without notice.” Our jurisprudence is settled that such a provision makes an accommodation endorser solidarily liable with the maker as to the holder. Central Sav. Bank & Trust Co. v. Oilfield Supply & Scrap Material Co., 202 La. 787, 12 So.2d 819 (1943) ; Bonart v. Rabito, 141 La. 970, 76 So. 166 (1917). Thus appellant was primarily obligated on the notes, and, even if the evidence established that the maker and the other endorsers were in fact discharged, appellant would not be able to claim discharge under section 120 of the *369 NIL since by its terms it applies to persons secondarily liable.
LSA-C.C. art. 2094 provides:
“The creditor of an obligation contracted in solido may apply to any one of the debtors he pleases, without the debtors’ having a right to plead the benefit of division.”
Appellant was liable on the notes and was properly cast in judgment for the amounts due.
For the reasons stated, the judgment appealed from is affirmed. Appellant is to pay the cost of this appeal.
Affirmed.