The Bank of Louisiana v. Smith and others.

---

THE BANK OF LOUISIANA *v.* JOHN M. SMITH and others.

Where the endorser of a note has died, notice of protest must be sent to his legal representatives.  A notice addressed to the deceased by name, will be bad.  And plaintiffs must show that a certain degree of diligence was used to ascertain the executor, administrator, or heirs and representatives of the deceased.

Where, in an action against the drawer and endorsers of a promissory note, plaintiffs, after obtaining judgment and execution against the former, order a stay of execution without the assent of the endorsers the latter will be discharged.

APPEAL from the District Court of East Feliciana, *Johnson*, J. *Lobdell*, for the appellants.

*Johnson* and *Lyons*, for the defendants and appellees.

SIMON, J.*   This suit was originally brought against Smith the drawer, and Isabella Fluker the only heir and representative of the endorser of a promissory note, and her husband.   Judgment having been first obtained against the drawer, an execution was issued against him, during the pendency of the action against his co-defendants, who subsequently joined issue by first denying all

---

*MORPHY, J., being interested in the question, did not sit on the trial of this case.

the allegations contained in the plaintiff's petition ; and further averring, that the execution issued against the drawer, having been stayed by order of the plaintiffs, until the first day of April, 1840, without their knowledge and consent, they became released from their obligation to said plaintiffs by reason of the endorsement of the deceased, if ever they were bound by the same.

There was judgment below in favor of Fluker and wife, from which the plaintiffs, after a useless attempt to obtain a new trial, took this appeal.

This action is resisted on two grounds ; 1st. That legal notice of the non-payment of the note, was not given to the representative of the endorser.

2d. That the extension of time given by the plaintiffs to the drawer of the note, operates as a release of the endorser's liability.

I. The record shows, that the endorser died in June, 1838, and the note sued on was protested on the 18th of January, 1839. The notary certifies, that he put into the post office in St. Francisville two notices of protest, one of which was addressed to Benjamin Kendrick, Parish of East Feliciana, Jackson. · This was irregular. The notice of protest, instead of being directed to the endorser *by name*, who had been dead for about eight months previous, should have been sent to his legal representatives. Chitty on Bills, 242. Bayley on Bills, 184, and note *a*. It was the duty of the plaintiffs to show that a certain degree of diligence had been used to ascertain who were the endorser's executor, or administrator, or heirs and representatives. 1 Mart. N. S. 321.

II. The second objection is also fatal. Judgment was obtained against the drawer on the 14th November, 1839; the execution was issued against him on the 9th of January, 1840; and on the 15th of February, the Cashier of the Bank of Louisiana at St. Francisville, wrote to the sheriff the following authorization, which is found annexed to the sheriff's return : " *You will please stay the execution in your hands in the case of the Bank of Louisiana* v. *J. M. Smith until the first of April next.*" It is perfectly clear that the giving further time to the drawer of the note, without the assent of the other parties thereto, has the effect of discharging them from liability, and of precluding the plaintiffs from exercis-

ing their recourse against the endorsers.  Chitty on Bills, 300. Bayley on Bills, 223.  3 Mart. N, S. 598.  ·7 Ib. N. S. 12.  4 La. 295.

*Judgment affirmed.*