PEACE<br>v.<br>HEAD.

---

## S. A. LEVERICH *v.* H. M. BOSSIER.

As a general rule, an executor who endorses a bill or note, although he does so as executor, is personally bound ; he is, therefore, incompetent as a witness to fix a liability on a prior party to it.

APPEAL from the District Court of Caddo, *Cresswell,* J.

*Hodge & Austin* and *Hood & Knox,* for plaintiff. *Crain & Nutt,* for defendant and appellant.

MERRICK, C. J. *S. Bossier,* of the parish of Caddo, on the 20th January, 1850, drew his draft for $3,300, payable to his own order, twelve months after date, on *Messrs. Leverich & Co.,* of New Orleans. The draft, after being endorsed, was left with them as accommodation paper, or to cover future advances. *Edward J. Walsh,* who is alleged in the plaintiff's petition to have been the sole person interested in the firm of *Leverich & Co.,* through his agent, during his absence, procured *William E. Leverich* and *Samuel J. Peters,* as executors of the estate of *J. H. Leverich,* to discount the draft for his own benefit, before its maturity ; the drawer not being in any manner credited with the proceeds or benefited by the transaction. The executors transferred the draft to *Mrs. S. A. Leverich,* the widow of *J. H. Leverich,* deceased, and she has instituted the present action.

At maturity, the notary charged with making protest, certifies, that he demanded (through his deputy) payment for said draft at the office of *Mr. William Luyster,* the surviving partner of the late firm of *Leverich & Co.,* acceptors thereof, and was answered by a clerk, that said *William Luyster* was not there, and had left no instructions in relation thereto. The notary further certifies, that he left notices of protest with *Mr. William Luyster* personally, for the drawer and first endorser, and, at his request, at the office of *William E. Leverich ;* he left notices with *Luyster,* also, for *William E. Leverich* and *Peters'* executors.

The testimony of both *William E. Leverich* and *William Luyster* was taken, and was offered in evidence, the defendants, the widows and heirs of *Bossier* excepting.

The deposition of *W. E. Leverich* ought to have been excluded. As a general rule, an executor cannot draw or endorse bills of exchange for affairs arising after the death of the testator, so as to bind the estate. His endorsement, therefore, in such case, binds himself personally, notwithstanding he signs as

executor. The witness appeared, therefore, directly interested in procuring a recovery on this paper against the prior parties, and his interest is not equally balanced between plaintiff and defendant. The objection to *Luyster's* testimony, goes more to its effect, than admissibility.

It is clear that the drawer of the draft was at least entitled to all the rights of drawers and endorsers of strictly commercial paper. It was, therefore, incumbent on the plaintiff to show that the bill of exchange sued on, was presented at the proper place at the maturity of the draft, and due notice of its dishonor given to the drawer and endorser.

In this we think the plaintiff has failed in her action. She has alleged in her petition, that *Walsh* alone composed the firm of *Leverich & Co.*, and has proved the same by her witnesses, and, moreover, offered the deposition of *Luyster* as a disinterested witness. She claimed that *Walsh* transferred the title to the paper to the executors, which the defendant has endeavored to defeat by an allegation in the answer, that both *Luyster* and *J. H. Luverich* were members of the firm of *Leverich & Co.* In the consideration of the case, therefore, we think we should give the benefit of the plaintiff's allegation, which is sustained by proof, to the defendant, rather than give the plaintiff the benefit of the defendants' allegation in their answer, which the plaintiff has disproved by her testimony. As it is established that *Luyster* was not the partner of *Walsh*, who composed the firm of *Leverich & Co.*, a demand upon him as surviving partner of the late firm of *Leverich & Co.*, was manifestly insufficient.

The authority cited in case of a demand at the place where a note is made payable in a suit against the maker or acceptor, is not applicable to the present case. The case of *Landry* v. *Stansbury*, 10 L. R. 484, if still law, establishes an exception to a general rule. The present case, while within the general rule, is not covered by the authority of the case cited. See 7 Ann. 493; 4 Rob. 276; 7 R. 13; 4 Ann. 483.

It is not pretended that any other demand than that upon *Luyster* has been made. We will, therefore, render a final judgment in favor of the defendants.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment against the demand of the plaintiff and in favor of the defendants. And it is further ordered, that the plaintiff pay the costs of both courts.