By the Court, Robertson, Ch. J.
An inquiry into the grounds of the decision of the Court of Appeals in favor of the liability of the defendants, when this case was formerly before them, (15 N. Y. Rep. 437,) is only profitable or material in order to determine the proper measure of damages, which would vary according to the mode in which the defendants are made liable, if, upon a warranty of title, they are not to be made so beyond the consideration paid, which becomes virtually thereby a standard. But their title to the judgment, as a subsisting one, has not failed at all, although their right to collect the whole amount apparently due on it is gone. . This consideration may have induced the learned justice, who delivered the opinion in the court of last resort, to assimilate the position of the defendants to that of the creator of an article, whose internal defects he may be presumed as matter of fact to know. In such case, the seller, if liable at all, either upon the ground of warranty or fraud, would be liable for the whole injury to the buyer by reason of the inferiority of the article sold to its description, without regard to the price paid therefor. In this ■case, that would be the whole amount of money collected, and interest, possibly, at the rate allowed in the state of Alabama. The limitation of liability in the assignment being only in case of a failure of title, would not reach such a warranty of quality, and the defendants would be liable for that amount. A charge of fraud would lead to the same result; but being based upon a presumption as a fact, and not as matter of law, of knowledge by the defendants of the collections made, the evidence of ignorance and good faith offered would have been admissible to repel it.
*274 But this court has already held at general term, that if the defendants were liable at all, they were only liable for the same proportion of the consideration money paid which the amount collected was of the whole judgment. This is an equitable rule, and would be similar to that applicable to a purchase of a particular piece of real estate by measurement, where it fell short of the supposed area ; a case of mutual mistake, admitting of compensation, which, in my view, the present case resembles much more than either a failure of title or an internal and secret defect, in the commodity sold, and in which there would be no necessity of presuming fraud, even technically, against respectable and innocent parties.
Possibly, also, as the plaintiff agreed to limit his right of recovery in case the title of the defendants to the whole judgment and their authority to assign it failed, to a mere recovery of the consideration, the court of last resort may have considered that as determining the standard of damages for any short coming in the judgment itself. But there is something in the opinion delivered looking at the liability of the defendants for the whole amount of such collection. It was therein held that the assignment in question, by expressly assigning not only the judgment but all sums collected thereon, and all securities for the same held as collateral by “ the defendants or their attorney for their benefit,” and “ all proceeds or price of” any “ settlement or sale,” in case of any payment, discharge or transfer of such judgment, created an implied warranty to transfer all sums paid upon such judgment, either before or after such assignment, or that the whole amount was due except so much as had been paid to them or for their benefit. If that be the rule of damages, that adopted in this case was clearly erroneous. In the opinion delivered by this court at the general term, no notice is taken of such view, nor is any reason given for adopting the measure of damages now allowed. This court may have considered- itself at liberty'to disregard it, as not being entertained by all the members of the Court of Appeals who concurred in the decision, and that the question of damages was still left open. At all events, we are not now at liberty to *275 depart from the rule so adopted by this court, until admonished of error by a higher tribunal.
The judgment must be affirmed, with costs to each party against the other, upon the respecive appeals of his or their adversary.