The opinion of the court was delivered by
Breaux, J.
About nine years ago the defendant obtained a judgment of separation a mensa et thoro from the plaintiff, her husband.
The custody of the children, issue of their marriage, was given to the wife, in the decree of separation.
In the year 1895, the plaintiff, averring that his wife obtained the judgment of separation, instituted this suit for a divorce a vinculo.
In addition to this judgment he assigns a number of causes of complaint, such as, that he has made every reasonable endeavor since-the decree of separation to become reconciled to his wife; that he has contributed to the support of their children; that his wife lias *825 sought and still seeks to alienate from him the affection of their children.
Not one of the causes assigned in his petition can be deemed sufficient for a divorce.
The defendant admits that she was married to plaintiff and that she obtained from him a separation from bed and board.
She denies that she refused to become reconciled to the plaintiff. She says, on the contrary, she desires to become reconciled; that the plaintiff refuses to support their children-.
She prays that plaintiff’s demand be rejected, and that he be condemned to support and educate their children. The District Oourt acted upon an exception of no cause of action and dismissed plaintiff’s demand.
From the judgment the plaintiff prosecutes this appeal.
The appellee prays that the judgment be affirmed.
The causes of divorce a vinculo are recognized by statute. The causes in this case would be enlarged if we were to determine that the defendant is entitled to a divorce. Instead of adopting an interpretation admitting other causes for divorce, we think it proper to adhere closely to the terms of the law.
The causes for divorce are properly subject to strict interpretation. The indissolubility of the marriage is the rule; it is (or should be) regrettingly, that the legislator admits exception to the rule. In support of these statements we refer to a few prominent events.
The Master, himself, taught that man should not sever ties that have received the divine sanction; that the will of the Creator was manifested by the institution of marriage. He admonishes the husband not to cast out the wife of his youth with whom he has long abided, now that she is old, and concluding, the solemn and imposing lesson, which should command the consideration of all men, enjoins :

Quod Deus Conjunxit, Homo Non Separet.

The doctrine of the sacramental nature of marriage received general recognition and was the accepted doctrine at the beginning of the reformation of the fifteenth century. No offence of either of the spouses was a cause for entirely dissolving the marriage covenant. It was confirmed by the Council of Trent. The reformers at the time also planted themselves upon the gospel, but under a different interpretation agreed that divorces should be permitted for grave *826 causes. The Civil Code of France allowed divorces for enumerated causes. These provisions, permitting divorces, were repealed during the religious reactionary movements of 1816. The law adopted that year expunged divorce from the Civil Oode and reenacted the law which permitted separation from bed and board only, and during many years there were no divorces a vinculo matrimonii in France.
There is a law permitting divorces at this time.
In England from an early period there was no divorce a vinculo sanctioned for causes subsequent; only a separation from bed and board was allowed which did not authorize either of the spouses to marry again.
This practice came from the common law, which held marriage a sacrament and that it could not be dissolved for any cause.
By statute of years comparatively recent, divorces are now allowed in England for the gravest causes, especially enumerated. They are not left to be determined by inference or interpretation.
In the other States of our Union, jurisdiction is conferred upon the courts with the causes named in the statutes.
In a few jurisdictions the causes are as numerous as Thebes had gates, and they are moreover enlarged by the liberal interpretation of the courts. The disorder and distress it has occasioned in certain cases in families are persuasive arguments against latitudinarian interpretation.
In Louisiana, under Codes of 1808 and 1825, separation from bed and board did not dissolve the bond of matrimony, and the separated husband and wife were not permitted to marry again.
Divorce is permitted since, for stated causes. The courts have not sought to enlarge them by interpretation, as will be seen by reference to the case of Johnston vs. Johnston, 82 An. 1139.
The historic features to which we have briefly alluded teach the necessity of conservative interpretation.
Although the interpretation of the doctrine to which we have referred has not always been uniform, all moral theology teaches, without discussion, that the bonds of marriage ought not lightly to be dissolved.
The conclusion reached by us also finds support in the fact that each, the plaintiff and the defendant, alleges an attempt at reconciliation.
*827 The defendant’s offer to become reconciled concludes the plaintiff.
Upon that point we translate from the commentaries of Mr. Laurent: Should the spouse who has obtained a separation from bed and board, after having selected the remedy in conformity with his wishes, and possibly of his creed, be permitted to maintain that condition without any possibility on the part of the defendant of obtaining a divorce on this judgment after the time has elapsed? His views, in answer to the question which he propounds are favorable to a defendant’s position in such a case and would support plaintiff’s contention here (defendant in the judgment of separation a vinculo) were it not that he adds: The one who has obtained the separation from bed and board has no cause of complaint if he be condemned in proceedings for divorce, for he is not constrained, as it depends upon the plaintiff in suit for separation from bed and board to reinstate the marital relations, and it is only on the refusal of such a plaintiff that divorce is pronounced. Yol. 3, Sec. 108.
Here the defendant, who was the plaintiff, as we have stated, in the suit for separation from bed and board, not only has not refused reconciliation, but especially avers her willingness to become reconciled. This offer precludes the husband from obtaining a judgment of divorce on the ground alleged, that no reconciliation had taken place.
It is evident that plaintiff can not recover a judgment.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.