On the Merits.
Statement of tbe Case.
MONROE, C. J.
The petition in this case was filed in tbe civil district court on November 5, 1913, and contains tbe following allegations and prayer (stated in substance), to wit:
That plaintiff ,and defendant, being subjects of tbe King of Italy, domiciled in Florence, were married in that city on June 5, 1899, and that a girl child was thereafter born to them, and is “now” (at the date of the filing of the petition) 13 years of age; that defendant (the wife) instituted suit against plaintiff in the civil tribunal of Florence for a separation a mensa et thoro, that plaintiff appeared and answered, and that, after due proceedings, there was judgment for the wife, decreeing the separation, awarding her the custody of the child, and condemning the husband to pay her annually 55,-000 lire, in equal installments (the allowance to be reduced to 45,000 lire upon the marriage of the daughter); that the husband (plaintiff herein) mortgaged his property to secure his compliance with said judgment and made further provision for the daughter ; and—
“to further recognize the binding force of tbe allowance under said decree [he] asks that it be embodied in the judgment which he seeks herein, so that the same may be made effective, in the interest of said Emanuela Notarbartolo, through the courts of this state, he recognizing, not- only the legal, but the moral, obligation to discharge the duty'imposed upon him by the decree of the court of Italy, as aforesaid.”
“Petitioner represents that, under the laws of the kingdom of Italy, the measure of relief (separation a mensa et thoro) obtained by said Emanuela Notarbartolo is all that is accorded, by said law, and there is not permitted, under the laws of said kingdom, an absolute divorce,, a vinculo matrimonii; that since the rendition of said judgment, petitioner has complied with its requirements, and that there has been no reconciliation between him and his said wife; that he is domiciled in this state and is a resident thereof, and is entitled, as a matter of right and of law, independently of the laws of Italy, to be relieved from his contractual obligations arising out of the marriage aforesaid; that the judgment of separation a mensa et thoro having been regularly rendered by a court of competent jurisdiction, as aforesaid, he is. entitled to be relieved from the operative force and effect of his marriage contract and to have a decree dissolving same, a vinculo matrimonii; that more than three years have elapsed since the rendition of the decree aforesaid; * * * that the basis of these proceedings for an absolute divorce is the judgment of separation from, bed and board regularly rendered by the civil tribunal of Florence, Italy, and that the said judgment should be made effective and executory by this court and as‘of the date of the rendition of said judgment, to wit June -,. 1913; that more than three years having elapsed since the rendition of said judgment, now sought to be made executory in these proceedings, petitioner is entitled .to have from this-court the relief herein sought; * * * that this court should enter its judgment based upon the decree of the civil tribunal of Florence, Italy, as aforesaid, making by this court’s judgment the said judgment of the civil tribunal of Florence, Italy, executory, as of the date of its rendition, this court’s judgment being and constituting the basis for the proceedings, herein and for the ultimate relief sought of .a divorce a vinculo matrimonii. Petitioner represents that his said wife still continues to reside in Italy, and that, in order that your petitioner may have the relief prayed for, by a decree to be rendered in said cause, it is necessary that said Emanuela Notarbartolo should be cited to-appear and answer herein, through a curator-ad hocj to be appointed by this honorable court.
“Wherefore, the premises and the annexed affidavit considered, petitioner prays that, upon the filing and recordation of the duly authenticated copy of the record and judgment of the civil tribunal of Florence, Italy, in the cause entitled Emanuela Notarbartolo v. Francesco-Massari Zavaglia, wherein a judgment and decree of separation from bed and board * * * was duly rendered, * * “ said judgment and decree be entered of record in this court, and that this court, acting upon said judgment,. * * * decree that the said judgment * * * be made the judgment of this court, and * * * be made executory by the decree of this court; that the judgment to be entered herein, decreeing a separation from bed and *729 board between tbe said Francesco Massari' Zavaglia and the said Emanuela Notarbartolo, be decreed to be of the date of its rendition by the civil tribunal of Florence, Italy. Petitioner further prays that the said Emanuela Notarbartolo, absent from this state, be cited through a curator ad hoe, * * * and that, after the lapse of all legal delays, and due and legal proceedings had, there' be judgment * * * decreeing in favor of your petitioner an absolute divorce herein, based upon the judgment of separation rendered by this court, and that, in said final judgment, petitioner consents that this court decree, in accordance with the judgment of the civil tribunal of Florence, Italy (the basis of the judgment of separation from bed and board rendered by this court) that your petitioner be adjudged to pay the said Emanuela Notarbortolo 55,000 lire annually, the said allowance to be paid in equal monthly installments during the life of the said Emanuela Notarbortolo and in accordance with the decree heretofore entered; that after the marriage of their daughter * * * the said allowance be reduced to 45,000 lire annually, payable in equal monthly installments.
“And petitioner prays that all costs be adjudged against the defendant, Emanuela Notarbortolo, and * * * for all further and necessary orders in the premises and for general relief.”
Agreeably to tbe prayer of tbe petition, an order was made tbereon, appointing a curator ad hoc to represent the absent defendant, and on tbe same day (November 5, 1913), notice of tbe appointment, and also citation (to defendant) and copy of tbe petition, were served on tbe attorney named as appointee; and, thereafter (on November 7th), tbe attorney took .the oath as curator ad hoc and filed a motion in that capacity, praying for delay in order that be might communicate with defendant. On December 9th following, according to bis testimony, tbe curator ad boc received from defendant a letter, written in French, dated at Florence, November 24,1913, which, as translated into English, reads, in part, as follows:
“Sir: Owing to my absence from ' Florence, I received your delayed letter and the papers that you sent me. I have confidence in your merits and ability and I hope that you will take my interests to heart. If you succeed in preventing the divorce of my husband, I will be delighted to be able to largely reward your services. My lawyer, the Professor Angelo Muratori, is a deputy in Parliament. He advises me to, immediately, make an act of protest and opposition to the demand of divorce brought by my husband. This -act we send to the consul of Italy, who, by agreement with you, is to present it to the court of New Orleans. I request that you press the demand for delay which, in said act, I ask of the court, and to let me know if it is granted and whether my objections were taken into consideration. In all the civilized nations of the world, the person causing the separation can never be espoused. . , ^
“My conduct has always been irreproachable, and, because our civil and religious laws forbid me to divorce, it is not just that my husband, in disregarding them should be permitted to make himself a new home on the ruins of the old one. I, therefore, request that you put yourself in accord with the Italian consul, and receive my thanks and salutations.”
On December 11, 1913 (two days after tbe receipt by tbe curator ad boc of tbe foregoing letter, and about a week before tbe expiration of tbe delay of 40 days wbicb bad been granted bim to appear in tbe case), tbe plaintiff, through his counsel, proceeded summarily by a rule requiring tbe curator ad boc to show cause on December 19th why tbe judgment prayed for in the petition should not be rendered, the rule in question alleging substantially as follows, to wit:
“That his action herein for divorce a vinculo matrimonii, as set forth in his petition, is based upon a judgment of separation a mensa et thoro, rendered by the civil court of Florence, * * * and that said judgment is, under the laws of Italy, final and executory; * * * that more than three years have elapsed since its rendition, and that your mover is entitled, upon the production of a duly authenticated copy cf the record in said cause, to have the same entered of record in this court and made executory, as the judgment of this court, as of the date of its rendition; * * * that, domiciled in * * * New Orleans, * * * mover, although defendant in the cause of separation a mensa et thoro in the proceedings aforesaid, is entitled, after the expiration of two years from the rendition of a judgment of separation from bed and board, to have same made effective, under the laws of this state, so that the said judgment of separation a mensa et thoro may be made the basis of a divorce a vinculo matrimonii. Now, mover here presents and makes part hereof * * * a duly authenticated copy of the record, * * * in order that the judgment rendered in the cause may receive full recognition by this court in the pending cause, and be made the judgment of this court, as provided by the laws of this state, and that said judgment, so entered by this court, *731 may be rendered as of tbe date of its rendition by the court of Italy, * * * and that the same may be fully recognized and entered as the basis for the judgment to be rendered by this court upon the judgment of the court of Italy, in the cause aforesaid.
“It is ordered that E. A. O’Sullivan, curator ad hoc, appointed to represent Emanuela Notarbartolo, * * * be served with a copy of this motion, and be ordered to show cause, on the 19th day of December, 1913, * * * why the judgment of the court of Florence * * * should not be entered of record, and why the judgment of this court should not be pronounced, based upon said judgment, decreeing a separation from bed and board, as of the date of the rendition of said judgment, and embodying, in the judgment to be rendered by this court, all the conditions recited in said judgment and particulai'ly the allowances to plaintiff in said cause of alimony, and why said judgment, when rendered, should not be exeeuitoiw and rendered as of the date of the original judgment upon [which] this court’s judgment [is tó be] based, and recognizing the rights of your mover to have all the benefits and advantages that may result from the said original judgment and its recognition by the courts of this state in the judgment sought to be entered hei’ein.”
The curator ad hoc made no appearance, by way of exception or answer to the rule, or to ash for delay, the proceedings upon- the return day (including the caption), as reported by the stenographer, reading in part as follows (omitting the title of the suit), to wit:
“On rule of plaintiff to have the judgment of the civil and penal court of Florence, Italy, in the cause of Notarbartolo v. Zavaglia, entered of record and made the judgment of this court, it being the basis of tbe proceeding in the main action for final divorce.”
“Testimony on behalf of plaintiff, taken in open eoui't. Honorable Fred D. King, presiding, on Friday, December 19, 1913. Reported by H. B. McMurray, stenographer’.
“Appearances:
“Henry L. Lazarus, Esq., attorney for plaintiff.
“E. A. O’Sullivan, Esq., attorney for defendant.
“Witnesses: E. A. O’Sullivan. „
“By Mr. O’Sullivan:
“Before filing any documents, may it please your honor, as curator ad hoc of the Duchess Notarbartolo, which appointment was confirmed by her, recognizing me as her attorney, I desire to be placed under oath and make a statement relative to the same.
“Mr. O’Sullivan, being first duly sworn, made the following statement:
“I was appointed curator ad hoc * * * on the 5th day of November, 1913; on the 6th day of November, I * * * communicated with the lady whose ouirator I was, inclosing in my letter all the pleadings that had been filed up to that time, and registered the same. On the 7th I filed an oath. On the same day I prayed for an extension of 40 days in which to give me time to communicate with the defendant. On the 9th of December I received an answer to my letter, dated November 24th. I will file that letter later on in evidence, after I have taken photographs of the same.”
“(Counsel for plaintiff objected to the introduction of the letter, save as showing ‘Mr. O’Sullivan’s employment and the submission by the defendant to the jurisdiction of the court.’ Mr. O’Sullivan stated that the letter was offered solely and only for the purpose of proving rem ipsam. Counsel for plaintiff insisted that it should ‘stand as a letter of employment of counsel, to represent the defendant in the cause.’ Mr. O’Sullivan insisted that the letter was admissible in whole or not at all; that if counsel for plaintiff allowed it to go in, he could not restrict it in its effect. The court ruled that the objection went to the effect, and not to the admissibility of tlie lettei-.)
“By the witness: :
“Now, sir, this letter was answered by me on December 12th, under date of December 9th. On December the 16th, through the intermediary, Mr. Papini, the acting Italian consul, a communication was sent to me, containing a document, with orders to present the same to me and to file the same in court. Reading the document, I informed Mr. Papini that it was against the interest of the client to file such a document at this time; that by filing such a document it would ruin the case as I saw it. Mx\ ■ Papini insisted on my filing immediately the document, obeying the orders which he had received from the gentleman in Italy, the attorney, Mr. Muratori. I begged him not to do so. 1-Ie was insistent. Finally, I suggested his cabling to Italy and telling the attorney there the objection to the filing of the document. I wrote out the telegram, or cablegram, which was translated into Italian, in these words: ‘Lawyer O’Sullivan stx-ongly opposes px-esenlmg document received, to-day, declaring that it would rain his case, and advises you to await his letter, registered from here on the twelfth of this month.’ I was infonned by Mr. Papini that the cablegram was sent. This cablegram was sent on the 16th, and, on the 18th, an answer was received by the acting consul, insisting on the filing of the document. By Mr. Lazarus: I call for that answer. By the witness: Mr. Papini showed me the cablegram, which, as far as I can remember, was in these words, T do not understand O’Sullivan’s objection, and .1 insist upon the same being filed. By the Court: I ask for information; what document do you refer to? By the witness: To the one we offer, now. By Mr. Lazarus: What paper did he insist upon being filed — the protest? A. The protest received on the 16th of December, which I have referred to. Q. That is the protest re *733 ceived by Mr. Papini, the Italian consul? A. Yes, sir. Q. From tbe defendant, E. Notarbartolo? A. Yes; judging from the letters received from her, signed by her, in person. Q. She and her counsel, in turn, insisting that the document should be filed in court? A. Over and above my objection. Therefore, may it please your Honor, on behalf of Mr. Papini, the acting Italian consul, and on behalf of the defendant in this suit, obeying her instructions, I offer this document. By Mr. Lazarus: This document, offered as a protest to these proceedings, is objected to on the grounds: First, that the recitals therein (I do not know what they are) are not under oath; that they cannot be made as evidence against the plaintiff in this cause; that it represents no part of the pleadings in the cause; and plaintiff consents to its admission in the record for the purpose of establishing, as the act does, the defendant’s submission to the jurisdiction of our eouirts. By the witness: I object to any limitation being placed upon it. It either goes in as a whole, or should be rejected as a whole. By the Court: The court rules that the document goes in as a whole, and that the objections of counsel to it clearly go to the effect to be given to the document, and not to its admissibility.”
“By the witness: I offer the different acts of authorization [should be authentication?] in the usual form of the courts of Italy, the certificate of the recording, or recordation, as it is called here; and also the certificate of the United States consul at Florence, Italy, attached thereto.”
Tbe instrument called “Protest,” referred to in tbe foregoing testimony, and offered as above stated, reads:
“To the Honorable the Judges of the Civil District Court, in and for the Parish of Orleans, State of Louisiana.
“The undersigned Duchess Emanuela Notarbartolo Massari Zavaglia, the legitimate wife of Duike Francesco Massari Zavaglia, represents as follows:
“Having received, the 22d November, a petition in which demand [is made] for a divorce between her and her husband, the Duke Francesco Massari Zavaglia, domiciled in New Orleans, the undersigned earnestly protests and objects to this demand of divorce, brought by her husband, on the following grounds, and on such other which she reserves to herself to prove, and requests of the court of New Orleans a delay to have tbe necessary time to defend herself and to produce her documents:
“(1) The allegations made by the Duke Francesco Massari Zavaglia are entirely contrary to the truth.
“(2) The Duke Francesco Massari Zavaglia, not being an American citizen, and the undersigned being an Italian, and domiciled in Italy, the court of New Orleans has no jurisdiction, and cannot apply to them the laws of Louisiana.
“(8) The Duke having already demanded a divorce, in Hungary [which] same was absolutely refused to him by a judgment of the tribunal of Budapest, in November, 1912, has now recourse to court of New Orleans, in concealing the judicial fact, very important for morality and justice.
“(4) The judgment of separation of the tribunal of Florence was rendered entirely by the fault of the Duke, and the principal^ cause of the separation was his intimate relations with one certain Rita Zucconi, of Florence. At this time this person is with him in New Orleans, and the Duke is seeking this divorce to espouse her.
“The undersigned has confidence in the justice of the count of New Orleans, and she prays that the court take into consideration what she has alleged, and, above all, her demand for delay, to defend herself and prove what she has written.”
“[Signed] Duehesse Emanuela Notarbartolo Massari Zavaglia.”
Counsel for plaintiff offered in evidence a certified copy of a declaration of intention to become a citizen of tbe United States, made by plaintiff, before tbe clerk of tbe United States District Court at New Orleans on October 30, 1913; a declaration of change of domicile, from Florence to New Orleans, made by plaintiff before a notary in New Orleans on tbe same day, witb a certificate showing that the declaration had been recorded at Ferrara, in Italy, on November 26, 1913, a certified copy of tbe record, from tbe civil and penal court of Florence, Italy, of tbe suit for separation from bed and board, witb tbe judgment upon which tbe present action is founded, and for tbe purpose of showing that final divorces are not allowed by tbe law of Italy (and hence that a judgment of separation from bed and board cannot, under tbe law of that country, be made tbe basis of a judgment of final divorce), certain provisions of tbe Italian Code, including tbe following, to wit:
“Art. 148. Marriage cannot be dissolved buit only by the death of one of the spouses, but their personal separation is admitted.
* % * * s K ❖ * *
“Art. 157. The consorts can, of common accord, cause to cease the effects of the decree of separation, either by an expressed declaration, *735 •or by the fact of their cohabitation, without there being necessary the intervention of the judicial authority.
“Art. 158. The separation upon only the consent of the spouses cannot take place without the homologation of the court.”
The case,'as thus presented, was submitted to the court a qua, and a judgment was rendered, of which, the preamble (in the nature of reasons) reads:
“Judgment.
“On plaintiff’s application to have judgment ' entered of record and made the judgment of this court;
“Due proof having been made of the authenticity of the judgment of the civil and penal tribunal of Florence, Italy, and the exemplification of the record being clothed with all the forms required to prove its authenticity in the kingdom of Italy, where said judgment was pronounced; and it being duly authenticated and verified by the vice consulate of the United States of America, at Florence, Italy; and the accompanying translation of said record being likewise authentically established; and the court considering the evidence administered, •oral and documentary; and the appearance of the defendant in this cause, through E. A. O’Sullivan, the duly appointed curator ad hoc, in this cause, and who has been appointed by E. Notarbartolo, her special counsel, as evidenced by her letter, submitted to the court and filed herein, and by her personal protest against these proceedings, here produced and filed by her specially designated agent, the acting Italian consul, residing in this city, and which protest is in resistance of plaintiff’s demand;
“And, considering the recitals of the petition •of the plaintiff herein, by which he judicially declares that he is willing to stand and abide by the judgment which he presently seeks and prays for, in these proceedings, to have recognized and placed of record and pronounced as the judgment of this court, with all the conditions embodied in said decree; and the court considering that the plaintiff is entitled to the recordation of said judgment and its recognition by this court as of the time and date of its rendition; the law and the evidence being in favor of plaintiff; for the reasons orally assigned :
“It is ordered * * * that the judgment of the civil and penal tribunal of Florence, Italy, be, and the sapie is hereby, ordered, adjudged, and decreed to be the judgment of this court, and executory herein, and said judgment is therefore entered by this court as of date of its rendition by said civil and penal tribunal of Florence, Italy; and the court here decrees, in accordance with, the decree of said court, that there be judgment.”
[Then follows, in substance, the judgment of the Italian court; after which, we have the decree of the civil district court, as follows] :
“It is now ordered, adjudged, and decreed that the aforesaid judgment is hereby recognized as the judgment of this court in all respects, and is here recorded and to be signed as the judgment of this court, and made executory as of the date of its rendition by the civil and penal tribunal of Florence, -Italy, and that the plaintiff in this action, Francesco Massari Zavaglia, shall have all the benefits and advantages, under the law of this state, that may result from said original judgment and the recognition by the courts of this state in the judgment entered herein.”
The defendant has appealed.
Opinion.
[4] The law of this state, prior to 1898, authorized the courts to render a judgment of absolute divorce, in the first instance, only in a case where the defendant was shown to have been sentenced to infamous punishment or to have committed adultery. In all other cases, it was necessary that a judgment of separation from bed and board should have been rendered, and that a year should have elapsed without a reconciliation between the spouses, before judgment of final divorce could be obtained (C. C. 139; Act 122 of 1877, Extra Sess. p. 192); and, as held by this court, in Johnston v. Johnston, 32 La. Ann. 1139, it could then be obtained only by the spouse in whose favor the judgment of separation from bed and board had been rendered. In Mazerat v. Virginia Godefroy, His Wife, 48 La. Ann. 825, 19 South. 756, however, the idea is suggested that the spouse against whom the judgment of separation from bed and board had been rendered might be entitled to the divorce (after the expiration of the year, without reconciliation), unless, when he made the demand therefor, the other spouse expressed a willingness to become reconciled. Two years later, therefore, the General Assembly passed *737 Act No. 25 of 1898, which declares (quoting in part):
“That, whenever a judgment of separation from bed and board shall have been rendered and no reconciliation between the spouses shall have taken place the married person in whose favor the judgment * * * shall have been rendered may, at the expiration of one year from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board, a judgment of final divorce from the other spouse; and the married person against whom the judgment of separation from bed and board shall have been rendered may, at the expiration of two year’s from the date that the said judgment shall have become final, apply to and obtain from the court that rendered the judgment of separation from bed and board a judgment of final divorce from the spouse.”
And, as there is no other statute authorizing judgments of final divorce, based upon judgments of separation from bed and board, it follows that such judgments can be obtained only from the courts by which the judgments of separation from bed and board were rendered, and hence that no court of this state is vested with jurisdiction of a suit, the declared purpose (proximate or ultimate) of which is to obtain a judgment of final divorce, predicated on a judgment of separation from bed and board rendered by a court of another jurisdiction. The petition of the plaintiff herein, and the rule taken by him, declare, in terms, that his purpose, in this suit, is to make effective and executory the judgment of the Italian court (decreeing a separation from bed and board, as against him), as a basis for the judgment of final divorce that he is seeking to obtain. Thus we read (from his petition):
“That, the judgment of separation a mensa et thoro having been regularly rendered by a court of competent jurisdiction, as aforesaid, he is entitled to be relieved from the operative force and effect of his marriage contract, and to have a decree dissolving same, a vinculo matrimonii; that more than three years have elapsed since the rendition of the decree aforesaid; * * * that the basis of these proceedings, for an absolute divorce, is the judgment of separation from bed and board, regularly rendered by the civil tribunal of Florence, Italy, and that the said judgment should be made effective and executory by this court, and as of the date of the rendition of said judgment, to wit, June 30, 1910.”
And from the rule:
“(Plaintiff), although defendant in the cause of separation a mensa et thoro, the proceedings aforesaid, is entitled, after the expiration of two years from the rendition of a judgment of separation from bed and board, to have the same made effective, under the laws of this state, so-that the judgment of separation a mensa et thoro may be made the basis of a divorce a vinculo matrimonii.”
[5] It is evident, however, that the Italian judgment cannot be made the basis of a judgment of final divorce in a court of this state. On the other hand, if it be conceded (as it must) that the Italian judgment cannot so serve, and it he contended (as it appears to he) that the Italian judgment can, at least, serve as the basis of a judgment of separation from bed and board, and that such judgment, rendered by one of our courts, can serve as the basis of a judgment of final divorce, to be rendered by the same court, the answer is that plaintiff’s petition discloses no cause, or right, of action entitling him either to a judgment of separation from bed and hoard against his wife, or to a judgment in favor of his wife and against himself. If it were otherwise possible for us now, at the instance of plaintiff, to render a judgment decreeing a separation from bed and board in favor of the defendant, notwithstanding that she is before the court protesting against such action, we should still be obliged to consider that a judgment to that effect has already been rendered, by a court of competent jurisdiction, in the country in which both parties were domiciled, that a judgment by a court of the common domicile (and particularly when its validity is not attacked, hut asserted), determining the marital status of the parties thereto, is usually held to constitute res judicata, and that the matter so determined cannot, with propriety, at the instance of the party cast, be again determined I by a court of another country, whether in the *739 same or another way. We should also be obliged to consider that, if it be the purpose of the plaintiff (and he seems so to declare) to obtain a judgment against himself, predicated upon the Italian judgment, which will serve as a basis for a judgment of final divorce, he is confronted with the difficulty that there must be read into the Italian judgment the condition, prescribed by the Italian law, that no final divorces are allowed in Italy, from which it follows that neither the Italian judgment, nor any judgment of a court of this state predicated thereon, can be made to serve the purpose in question, since no judgment can, whether directly or indirectly, be given greater effect beyond than within the territorial jurisdiction of the court by which it is rendered. Briggs v. Spencer, 3 Rob. 269, 38 Am. Dec. 239; Pillet v. Edgar, 4 Rob. 276; Succession of Tilghman, 7 Rob. 387; Turley v. Dreyfus, 33 La. Ann. 888.
The doctrine as enunciated in Turley v. Dreyfus (upon the subsequent hearing of the case in this court, and as reported in 35 La. Ann. 510) that a judgment, by a court of another state against an executor, who there represents only the personalty of the estate, and which is not there binding upon the heirs, can be converted in this state into a judgment which may be executed upon the realty, as well as the personalty, and be made binding upon the heirs, has never been affirmed, so far as we are informed, and we are unable to affirm it, being of opinion that the true doctrine, as stated in the dissenting opinion of the Chief Justice (who was the organ of the court in the first case), and in the other cases above cited, is that, under the “full faith and credit” provision of the Constitution of the United States, a judgment by a court of one of the states of the American Union is entitled to no greater effect in the other states than in the state in which it was rendered. That provision has, however, no application to the judicial proceedings of the courts of foreign countries; and it is quite doubtful whether the provisions of articles 746, 747, of our Code of Practice which, as originally enacted, authorized executory process in the execution of judgments rendered in other states and foreign countries, applied to judgments of separation from bed and board and divorce, since they referred, in terms, only to creditors and to the execution of judgments for money; but in any event those provisions were repealed in 1846, and the only judgments which since then have been susceptible of execution in that way have been those obtained by the parties seeking to enforce them in the courts of this state. The question as presented in this c,ase, to the court a qua appears, however (though somewhat confused in the presentation), to have been, rather, one of obtaining than of executing a judgment, and we are at a loss to understand the theory upon which the judgment was obtained upon a rule to show cause, which is a summary proceeding. There are other matters, suggested by the record before us, which furnish food for reflection, but their consideration is pretermitted, as unnecessary to the decision. We find in the record a motion, filed on behalf of plaintiff, to dismiss the appeal, on the grounds that defendant has acquiesced in the judgment appealed from by receiving payments of alimony, as therein decreed, and that through her “solicitor,” in Italy, she has approached plaintiff with offers to acquiesce in said judgment, and to—
“abandon all complaint in the present cause if plaintiff would, independently of the allowance provided by the judgment, make an additional payment.” <
As defendant was entitled to her alimony, under the Italian judgment, and as it does not appear, from the other allegations of the motion, that her offer to compromise the judgment appealed from was accepted, we *741 are of opinion that the motion is without merit; and it is accordingly overruled.
For the reasons thus assigned, it is adjudged and decreed that the judgment appealed from be set aside, and that plaintiff’s demands be rejected and this suit dismissed at his cost in both courts.