## Diggs, McKeever & Co. v. S. G. Staples.

A party who seeks to make another liable for the debt of a third person, must prove such liability with reasonable certainty, or he cannot recover.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Kelly*, and *Spring* and *Halsey*, for plaintiffs. *Elmore* and *King*, for defendant. By the court:

Dunbar, J. This suit is brought to recover the amount of a bill for groceries, sold by plaintiffs to *T. B. Staples*, defendant's brother, the articles being furnished for a sawmill situated on Wolfe River, near the Bayou of St. Louis, in the State of Mississippi.

The defendant, *Solomon G. Staples*, is sought to be made liable, on the ground of an implied promise on his part, to pay for the goods sold.

The district judge thought the evidence sufficient, and gave a judgment for the plaintiff for the sum demanded, from which the defendant has appealed.

The only witness to sustain this implied promise of the defendant, is the clerk of the plaintiff, who says: "The goods were sold to *T. B Staples;* he gave the order for the goods ; he told me he would pay for the goods by an order on *Tillerton;* he gave me the mark for the goods, ' *T. B. Staples.*' *T. B. Staples* bought on the first occasion for cash, and on the second bill witness refused to sell to him, as he had not paid for the first. *T. B. Staples* then said he would give him an order on *Tillerton*, who owed him." The witness further says, "that he would not have given him the second bill of goods, unless he had given the order on *Tillerton*, or some other security equally as good. The order on *Tillerton* was to have been the consideration of the sale that was made on the 23d of January, 1850."

The bill of this date is for $515 27, being the principal part of the account sued on, the whole amount being $672 57, exclusive of interest. The same witness testifies, "that the defendant had been in the habit of purchasing supplies from plaintiffs, for his sawmill ; that he came to the store of plaintiffs, and said, that he had sold out the mill to his brothers, and told the plaintiffs ' to let them have what they wanted.' Defendant did not make a direct promise to pay the debt of his brothers; but witness considered the defendant's introduction, 'to let his brothers have what they wanted,' was an obligation on his part to pay. Witness would not have delivered the goods, had not defendant introduced his brother to him."

There appears to be a manifest discrepancy in this testimony. The witness tells us first, that he would not have let *T. B. Staples*, the brother of the defendant, have the second bill of goods, for $515 27, but for the promised order on *Tillerton*, or some surety equally as good ; and, afterwards, he tells us that he would not have sold them to him, but for the request of the defendant to let his brothers have what they wanted.

This evidence seems to us too uncertain to raise an implied promise on the part of the defendant, to pay for the goods sold to his brothers. There is no pretence to say, that there was an express promise to pay. Had the plaintiff or his clerk required it, it is very probable the defendant would have assumed pay-

ment for the goods without hesitation; if so, the goods being sold at his special instance and request, there would have been a sufficient consideration for an express promise. It is impossible, with any certainty, to tell what may have been the inducement of the plaintiff. In the case of *Boyd* v. *Sappington*, Watts' Reports, 4th vol., p. 247, the Supreme Court of Pennsylvania decided, "that a request, by a father, to a physician, to attend his son, then of full age, and sick at the father's house, raises no implied promise on the part of the father to pay for the services rendered."

A party who seeks to make another liable for the debt of a third person, must prove such liability with reasonable certainty, or he cannot recover. This principle has been repeatedly recognized by this court.

Taking this view of the case, we do not consider it material to examine into the question, whether there are any corroborating circumstances to support the testimony of this single witness, as required by the 2257 article of the Civil Code, where the matter in dispute exceeds five hundred dollars.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, and that there be judgment for the defendant, as in case of nonsuit, with costs in both courts.