## Taylor v. Federal Surety Company.

(Decided June 27, 1928.)

### Appeal from Clark Circuit Court.

1. Pleading.—Where plaintiff in addition to original petition filed amended petitions, statements of all pleadings must be read together in reviewing ruling on general demurrer.

2. Pleading.—After sustaining of demurrer to petition, all of statements therein must be taken as true in considering correctness of trial court's ruling.

3. Insurance.—In suit by insured on indemnity policy, permitting insured to "provide at the company's expense at the time of the accident such immediate surgical relief as is imperative," plaintiff's petition alleging that he incurred medical and surgical expenses for services rendered injured party immediately after accident held to state cause of action as against general demurrer.

4. Insurance.—Indemnity insurance company which appeared and settled suit for injuries against insured waived lack of notice of accident in subsequent suit by insured on the policy to recover for medical and surgical expenses incurred.

5. Insurance.—Under indemnity insurance policy permitting assured "to provide at the company's expense at the time of the accident such immediate surgical relief as is imperative," liability of insurance company for first-aid expenses incurred by insured is confined to reasonable period after accident within which insured could and should have given notice, and such further time as might have been reasonably required for the insurer to take action.

MARCUS C. REDWINE and J. SMITH HAYS for appellant.

BENTON & DAVIS for appellee.

Opinion of the Court by Drury, Commissioner—Reversing.

W. Courtney Taylor sued the Federal Surety Company for $1,222.76. A demurrer was sustained to his petition, and he has appealed. The Federal Surety Company in January, 1926, issued to Taylor a policy of accident or indemnity insurance covering the operation of an automobile. About 2 o'clock in the morning of May 21, 1926, Taylor was returning to his home in Winchester, in his machine. He was tired, drowsy, and sleepy, and, as he says, he relaxed. As a result of this relaxation, the machine left the highway and struck a telephone pole. Serious injuries were inflicted upon Miss Margaret Taylor and Mrs. Isabel McIlvain, who were riding

with him in the machine. As soon as he could Taylor got these women to a hospital, where he gave them every surgical and medical attention that he could, and, in doing so, he expended for and on behalf of Miss Margaret Taylor $342 between May 21 and May 31, and she recovered. He expended for and on behalf of Mrs. McIlvain $880.76 between May 21 and September 21, when she died—thus making a total of $1,222.76 that Taylor expended. The administrator of Mrs. McIlvain sued Taylor and the Federal Surety Company for $25,000. This suit the surety company compromised and settled for $5,000, as Taylor says, without his consent, and in August, 1927, he brought this suit against the surety company to recover this $1,222.76 which he had expended for and on behalf of these women. In the policy sued on the surety company agrees ''to indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries and . . . or death accidentally suffered . . . by reason of the . . . use or operation of any of the automobiles specifically described in the schedule, . . . but the assured shall not voluntarily assume any liability nor shall the assured settle any claim, except at his own cost; or interfere in any negotiation for settlement, or in any legal proceeding; except that the assured may provide at the company's expense at the time of the accident such immediate surgical relief as is imperative.''

Taylor, in addition to his original petition, filed two amended petitions, and of course the statements of these three pleadings must be read together, and they amount to this, that at the time of and as a result of the accident, both these women were rendered unconscious; that Mrs. McIlvain's back was broken or the joints thereof dislocated and to operate on her at once was the only way to avoid immediate death and to give her an opportunity to recover; that Miss Taylor's injuries consisted of lacerated head, face, and body, and internal injuries requiring immediate surgical and medical attention, and that the services covered by the account filed with the petition were rendered immediately after the accident described in the petition. His account for $1,222.76, which he filed with his petition, contains dates beginning with May 29 and ending with August 6, but the plaintiff pleads that those dates are the dates on which he paid the bills, and his pleading is that the services were rendered immediately after the accident. In the case of Employers'

Liability Assurance Corporation v. Light, Heat & Power Co., 28 Ind. App. 437, 63 N. E. 54, the policy contained this provision:

> "The employer shall not, except at his own cost, settle any claim or incur any expense without the consent of the corporation; but, if an accident is sufficiently serious to necessitate immediate medical assistance, the same may be rendered at the cost of the corporation, who will not, however, pay the cost of any subsequent medical aid, unless previously authorized by them."

In this case there is a discussion of the meaning of the term "immediate" as used in the policy, both with reference to giving notice of the accident, and as qualifying the medical attention which the employer can give, and this construction of the term is given as applied to medical attention:

> "Giving the same meaning to the word 'immediate' in the latter that it has in the first part of the clause, it follows that the corporation becomes liable to pay for necessary medical attention rendered within a reasonable time after the accident, and not for any subsequent services, unless otherwise authorized. Such reasonable time could in no event extend beyond the period within which the notice of the accident was or should have been forwarded and such further interval as might have been necessary to enable the corporation to act in the matter. It might be very much less than this, depending in each case upon the particular conditions existing. The power to bind the corporation must be found in the written contract. That extends to necessary medical attention."

The rule as given in 36 C. J. 1095, sec. 72, is:

> "Immediate medical assistance, within this rule, includes medical attention rendered an injured employee within a reasonable time after the accident, but not extending beyond the period within which notice of the accident was or should have been forwarded and such further interval as might be necessary to enable the insurer to act in the matter."

As a demurrer was sustained to this petition, it follows that in considering the correctness of that action we

must take all the statements of the petition as true, and, as Taylor has alleged that the services rendered and covered by the said bill were rendered immediately after the accident, we have to take that statement as true, and it follows that Taylor had stated a cause of action. Of course, subsequent pleadings may put that in issue, and when the proof is heard it may develop that some of this claim was not expended for immediate surgical relief; but that is a matter that the court will control by instructions.

We are not much impressed by the insurance company's contention about the notice of the accident. By appearing and settling the first suit it waived the lack of notice. Whether sufficient notice was given or not the liability of the insurance company for this first aid must be confined to that reasonable period after the accident within which Taylor could and should have given the company notice of it, and such further time as might have been reasonably required for the insurer to take action.

The judgment is reversed, with directions to overrule the demurrer to the petition as amended.