SOUTHERN BUILDERS' MATERIAL CO., INC., v. FOTO

(May 27, 1929. Opinion and Decree.)

R. W. Leche, of New Orleans, attorney for plaintiff, appellee.

T. S. Walmsley and Alvin R. Christovich, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues A. Foto and his surety for $706.80, alleging this to be the amount expended in the completion of a subcontract, which the first named defendant had undertaken to perform, and on which subcontract he is alleged to have defaulted.

The Louisville & Nashville Railroad Company, being in need of an additional freight shed, contracted with Doullut & Williams Company, Inc., for the construction thereof.

These general contractors sublet to plaintiff a portion of the work and plaintiff in turn contracted with Foto, who conducted his business as the Louisiana Contracting Company, for the erection of certain steel rolling doors which were included as a part of the contract which plaintiff had undertaken to perform. The price to be paid to Foto under this subcontract was $1,680.

The Fidelity and Casualty Company of New York became surety for Foto on this subcontract.

Plaintiff alleges that it soon became apparent that Foto was not completing the work with contemplated rapidity and that in fact, Foto's neglect of the work amounted to an abandonment of the contract. It is also claimed that the work which had been done up to that time was, in many respects, defective.

Plaintiff also alleges that on several occasions Foto was warned by registered letter that the work done was unsatisfactory and that it was being unduly delayed, and that, finally, plaintiff, having been warned by the general contractors that further delay would render it necessary that they take over and complete the work undertaken by the subcontractor, put defendant Foto in default and made a new contract for the uncompleted portion of the work.

It is alleged that in completing the work an expenditure of $1275.12 was required, which, added to the amount which had already been paid to Foto or for Foto's account, brought the total amount to $2386.80, or $706.80 more than the contract price. It is for this amount that plaintiff sues.

Foto resists payment and, in reconvention, claims the balance which had not been paid him under the subcontract. He maintains that the work was being properly and expeditiously performed and that there was no necessity or justification for terminating his contract. He further contends that he was not properly placed in default.

The surety joins in these defenses and, in addition thereto, contends that so far as it is concerned the rights of plaintiff as against it have been lost by anticipation of payments and by unauthorized consent to changes in the contract.

We have no hesitancy in saying that the evidence convinces us that the work was not being conducted with reasonable promptness. Foto was beset by labor difficulties arising in the main as a result of his own financial embarrassment and the consequent uncertainty on the part of his employees as to whether they would receive their wages.

He claims that the contention that the work was being delayed was not made in good faith but resulted from a sudden demand made by the railroad company for more speedy completion. Whatever may have been the motive for demanding prompt completion of the work, we are certain that Foto was seriously behind hand in the performance of his contract and that plaintiff was amply justified in its action.

That the work, which up to that time had been completed, was in many respects defective is manifest.

For both of these reasons plaintiff was within its rights in taking over and arranging for the completion of the balance of the work and for the correcting of the defects which already existed.

As to the contention that Foto was not placed in default we think that the record shows the contrary.

As to the surety the situation is different. The contract required that no payments should be made until the work was approved and accepted by the chief engineer of the owner. The record teems with evidence to the effect that payments were made by plaintiff without the requirement of such approval. Mr. Smith, president of plaintiff company, testified as follows:

"Q. Now, do you mean to tell me that, when you had this contract in that language recorded in the Mortgage Office, that you paid these people $700.00 before those doors were accepted?

"A. Yes, because there was no question that they had done some work on that."

It is conceded that the surety did not know of or consent to these anticipated payments.

It is argued that these payments were made for the benefit of the surety and that had they not been made Foto could not have gone on with the work. Were this argument sound it would be applicable to practically all cases of anticipated payments.

The surety would, no doubt, have been in a better situation had it known in the beginning of the financial condition of the principal for it could then have taken over the work itself. At all events the law is well settled that:

"The Surety has the right to stand on the terms of his contract. The creditor cannot make any change, though beneficial to the surety, under the penalty of releasing him." McGuire vs. Woolridge, 6 Robinson 47.

It is also contended by Foto that in completing the work plaintiff was not overly careful to keep down the cost. It does seem strange that so large a sum as $1275.12 was necessary to complete a contract, of which quite a large part was already done, and which had originally been undertaken for $1680. However, there is no evidence, except by inference, that the new contract was unreasonable and in view of the testimony justifying it, we cannot hold otherwise than that it was fair.

The trial court rendered judgment for plaintiff as prayed for on the main demand and rejected Foto's reconventional demand, and it rejected plaintiff's claim against the surety.

We think that the judgment rendered was correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed; all costs to be paid by defendant Foto.