## Ohio Casualty Insurance Company v. J. F. Schneider & Son.

(Decided June 15, 1934.)

E. B. WILSON and G. L. DICKINSON for appellant.
ED SAMPSON and JAMES W. SMITH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On April 15, 1931, an employee of the appellee while operating its truck in its business on the streets of Middlesboro, Ky., ran over and severely injured Harman Byrd, a child about 6 years of age. The driver of the truck immediately took the child to Dr. W. K. Evans'

hospital and in the name of the appellee engaged his services and those of his hospital for the treatment of the child. At the time of the accident, the appellee was insured against public liability by the appellant. A few weeks after the accident, appellant's adjuster visited Middlesboro and made an investigation of the accident. He thereafter returned and made a supplemental investigation. He visited the hospital and ascertained the extent of the injuries of the child and the amount of the bill of Dr. Evans for the treatment of the child. Thereafter the appellant through its adjuster settled with the legal guardian of the child in full for its claim against the appellee on account of this accident, and the appellant through this adjuster also settled with the father and mother of the injured child for whatever claim they had against the appellee by way of loss of services, etc. It is stated in brief that the guardian of the child has left with the money and failed to pay Dr. Evans or the hospital for their services in treating the child's injury. At all events, Dr. Evans filed suit against the appellee for the treatment given the child and recovered judgment in the sum of $500. It is conceded that this is a fair and reasonable bill for the services of Dr. Evans and his hospital in treating this child. Thereupon the appellee made demand on the appellant for repayment of the amount of this judgment, claiming that the appellant was liable under its insurance policy for the same. The appellant declining to pay, this suit was brought to recover the judgment which the appellee had had to pay to Dr. Evans, together with its costs and attorneys' fee in the Dr. Evans suit, the whole amounting to $617.50, which it is conceded appellee is entitled to recover if its position as to its rights under the policy is correct. From a judgment in favor of the appellee for the amount sued for, this appeal is prosecuted.

The policy in question provides that the appellant insures the appellee "against direct loss or expense by reason of the liability imposed upon the assured by law for damages by reason of the ownership, maintenance or use of" its automobile. The policy also provides that the insurance company will investigate all accidents covered by the policy and defend any suit brought against the insured to enforce a claim for damages on account of bodily injuries or death or damage or the destruction of property caused by the assured's automobile and will pay all costs taxed against the assured

in any such defended suit and all expenses incurred by the company (the insurer), and also will pay for such first medical aid as shall be imperative at the time of the accident. The policy further provides that the insurance company shall not be liable if the assured shall voluntarily assume any liability, settle any claim, incur any expense, or interfere in any negotiation or legal procedure without the consent of the insurance company previously given in writing. It is plain that the bill of Dr. Evans and that of the hospital here sued on by the appellee do not fall within the terms of the policy. These bills were contractual obligations, voluntarily assumed by the assured. They were not liabilities imposed upon the appellee by law or judgment because of the accident in which the child was hurt. It is true that, if negligent, the appellee was liable to the child for his necessary doctor's bills and hospitalization, but this was a liability running to the child, and all the claims which the child had against the company were duly settled by the appellant. That settlement included every claim, whether for pain or suffering or otherwise, which the child had against the appellee. The undertaking which the appellee entered into with Dr. Evans did not depend on whether it was liable to the child for injuring him or not. Even though the appellee had not been liable to the child, it would still have been liable on its contract voluntarily entered into with Dr. Evans to treat this child. Such undertaking did not come within the terms of the policy. Further, the express terms of that policy wherein the appellant agreed to pay for such first medical aid as should be imperative at the time of the accident exclude the idea that the insured could incur a contractual liability for further medical aid and then shift the same upon its insurance carrier. The case of Taylor v. Federal Surety Co., 225 Ky. 335, 8 S. W. (2d) 409, is conclusive of the issue here involved. The court, the case being tried on law and facts, should have rendered judgment for the appellee in the sum of $45, which is conceded to be the just charge for the first medical aid and for no more.

Judgment is reversed for proceedings consistent with this opinion.