FOURNET, Justice.
 

 This is a suit by Mrs. Etolia Simmons Basso, daughter and sole heir of Mrs. Roger E. Simmons, now deceased, to recover certain securities, or their value, pledged by Mrs. Simmons to the defendant, Export Warrant Company, Inc., to secure it in connection with a letter of guaranty issued by the defendant to the American National Bank & Trust Company of Mobile, Alabama, in pursuance of its (defendant’s) contract with Roger E. Simmons, Inc., for the discounting of the latter’s drafts by the bank, on the ground that defendant having breached its contract the securities should be released; and, in the alternative, plaintiff prayed for an accounting of the value of the securities as against the liability under the act of pledge or security.
 

 The defense is that the securities were legally disposed of under the authority granted in the assignment by plaintiff’s ancestor and that the proceeds thereof were exhausted in the discharge of the losses defendant suffered as a result of its execution of the letter of guaranty; and, as to the alternative demand, that the action is premature because defendant’s liability on the letter of guaranty to the bank cannot be determined until there is an accounting between the trustee of Roger E. Simmons, Inc., now in bankruptcy, and the bank, which accounting cannot be had until the proceedings in bankruptcy are terminated.
 

 There was judgment in the lower court rejecting plaintiff’s main demand and dismissing her alternative demand as of non-suit.
 

 The facts of the case are, briefly, that Roger E. Simmons, Inc., which was engaged in the business of exporting lumber, desiring to increase its credit with the American National Bank & Trust Company of Mobile, Alabama, entered into a contract with the Export Warrant Company, Inc., defendant, on August 10, 1935, whereby defendant agreed to, and in pursuance thereof did, issue a letter to the bank guaranteeing the payment of drafts drawn by Roger E. Simmons, Inc., on certain purchasers of lumber, and stipulating in the letter, in detail, the manner in which the account was to be handled. The consideration recited in the contract for the issuance of the letter was that the defendant was to receive a commission of 1% monthly, based on the average daily outstanding drafts discounted and notes covering assigned invoices during each month, and to be secured against loss by the delivery to it of Mrs. Simmons’ assignment of her equity in certain securities then pledged with the Hibernia National Bank of New Orleans to secure the payment, of Roger E. Simmons’ note of $3,150. In the assignment by Mrs. Simmons is contained the stipulation that the assignee [defendant] is authorized “ * * * to receive, sell and transfer said securities, subject to said loan, and exercise any rights in connection therewith that I [she] possess or could exer
 
 *308
 
 rise.” Defendant reassigned. the securities to the hank, together with other collateral, as security for its guaranty. (Brackets ours.)
 

 The pertinent parts of the letter of guaranty addressed by defendant to the bank are as follows:
 

 “We have arranged to assist ROGER E. SIMMONS, INC. * * * in the financing of their lumber business by guaranteeing certain of their foreign shipments made to the firms listed below, which list indicates the terms-under which shipments will be made * * *.
 

 ******
 

 “Inasmuch as the transactions are to be financed by you for us and for reasons of policy Simmons does not desire our endorsement to appear on each draft, we give you by this letter our guarantee of the due payment of any items on the buyers listed in collection letters sent you by Roger E. Simmons, Inc., bearing our approval, just as fully as though our endorsement appeared on each draft,
 
 provided they are handled in the. following manner:
 

 “All items will be sent
 
 to
 
 you by
 
 Roger
 
 E. Simrions, Inc. for credit to our account on your books, provided the credit risk on the paper offered is acceptable to you.
 

 “You are then to charge our account and credit to the account of Roger E. Simmons, Inc., on your books ninety-five (95%) per cent of the face amounts of such items, this being the amount we have agreed to advance them, retaining the remaining five (5%) per cent in a .margin account in our .name, out of which you may deduct your commissions, correspondence charges and interest. Any other charges in connection with the handling of such items is to be charged direct to the account of Roger E. Simmons, Inc. on your books.
 

 ******
 

 “In the event any items are not paid promptly and it becomes necessary for you to demand reimbursement for them, • * * of Roger E. Simmons, Inc. on your books, and if they should be unable to reimburse you on demand for any overdraft caused by your so doing, then and in that event you may call upon us under this guarantee to reimburse you. * * *
 

 "In order to further secure the payment of items as set forth above, we are handing you herewith a properly recognized assignment of Mrs. Roger E. Simmons’s equity in certain collateral
 
 * * *
 
 pledged by Mrs. Simmons to guarantee us against any loss in connection with these transactions.
 
 *
 
 ■* *"
 
 (Italics ours.)
 

 It appears from the record that all of the transactions under the contract and letter of guaranty were handled in conformity with the provisions thereof until some time during the month of November, 1935 when Roger E. Simmons, Inc. began to experience financial difficulties, and that, after a meeting of its creditors, its affairs were placed in liquidation, which had not been completed when this case was tried in the lower court.
 

 The record further reveals that the note of Roger E. Simmons for $3,150, held by the Hibernia National Bank and secured by pledge of the collaterals .described in the assignment of Mrs. Simmons to the defend
 
 *310
 
 ant, was paid by the defendant on May 8, 1936, together with the interest due thereon, and the securities were surrendered to the defendant, who, in turn, forwarded them to the bank in Mobile. Subsequently the bank, after having made demand on the defendant and on Roger E. Simmons, Inc., through its trustee, for the payment of the amount due it by Roger E. Simmons, Inc., sold all of the securities, with the exception of a $1,000 bond, for $6,778.29, and, after deducting therefrom the amount due it, $3,345.24, transferred the balance to the defendant with the remaining bond.
 

 It is plaintiff’s contention that defendant made certain charges against the 5% marginal account in violation of the contract, and to the prejudice of her right, which, under the law of this state, operates as a release of her securities, citing in support thereof the following authorities: McGuire v. Woolridge, 6 Rob. 47; Baker v. Frellsen, 32 La.Ann. 822; New England Mutual Life Insurance Company v. Randall, 42 La.Ann. 260, 7 So. 679; Southern Builders’ Material Company v. Foto, 11 La.App. 255, 122 So. 914.
 

 The holding in these cases is, in effect, that a surety has a right to stand upon the terms of his contract and that if the creditor intends to look to the surety for paymént, he is compelled to preserve unimpaired all of his rights against the debtor.
 

 The charges of which the plaintiff complains are the following: (1) $2,348.62, due defendant by Roger E. Simmons, Inc., on account of the 1% commission agreed upon in the contract of guaranty; (2) certain amounts advanced by defendant to Roger E, Simmons, Inc., to meet its pay roll; (3) amounts for auditing the books of Roger E. Simmons, Inc., including the preparation of an auditing exhibit for use in this case; (4) certain telephone and telegraph messages; and (5) the fees of the attorneys employed by defendant to defend this suit.
 

 It may be said that these charges were erroneously made against the special 5% marginal account, but we fail to see in what manner the plaintiff’s rights against the debtor were impaired thereby. We therefore conclude that plaintiff is not entitled to have the securities released or to be reimbursed for the full value thereof.
 

 We now pass to plaintiff’s alternative demand, that is, for an accounting.
 

 It is defendant’s contention, which was apparently sustained by the trial judge, that, as stated in its brief, “ * * * an accounting was not due plaintiff for the reason that the defendant had at all times been willing for plaintiff to see its records pertaining to these transactions, and had delivered to her representative a statement of all the charges and credits up to that date; and that the defendant was not in a position to render a further or final accounting to plaintiff because it had not been able to conclude its accounting with the American Bank and with the Bankruptcy Court.”
 

 Being an uncompensated surety, plaintiff’s contractual obligations must be strictly construed. Article 3039 of the Revised Civil Code. See, also, Old v. Fee, 8 Mart., O.S., 14; Hazard v. Lambeth, 3 Rob. 378; Erwin v. Greene, 5 Rob. 70; New Orleans Canal &c. Co. v. Hagan, 1 La.Ann. 62; Diggs v. Staples, 7 La.Ann. 653; Stewart v.
 
 *312
 
 Levis, 42 La.Ann. 37, 6 So. 898; Wells v. Fidelity & Deposit Co., 146 La. 169, 83 So. 448; Bickham v. Womack, 181 La. 837, 160 So. 431; McMicken v. Webb, 6 How. 292, 47 U.S. 292, 12 L.Ed. 443.
 

 An analysis of the contract between the defendant and Roger E. Simmons, Inc., and the letter of guaranty issued by the defendant in connection therewith, will show that the primary object of executing the assignment by Mrs. Simmons to the defendant was for the purpose of guaranteeing it (defendant) against any loss in connection with the letter of guaranty it had executed in favor of the bank, and the loss contemplated extended only to the discounting of the drafts of Roger E. Simmons, Inc., not promptly paid and for the reimbursement of which the defendant might be called upon by the bank. Necessarily this did not include such items as • defendant’s commission for executing the letter of guaranty, amounts advanced by it to Roger E. Simmons, Inc., for its pay roll, expenses for auditing the books of Roger E. Simmons, Inc., or for any other items not authorized by the contract and which were chargeable to Roger E. Simmons, Inc., individually.
 

 While the circumstances in this case may be such that the defendant cannot be compelled to settle with plaintiff, nevertheless we think she is entitled to have a true and complete accounting showing the extent of her liability under the terms of the contract and the proposed disposition of the proceeds of the sale of her securities arid' the dividends collected thereon.
 

 For the reasons assigned, the judgment of the lower court dismissing plaintiff's .alternative demand as of non-suit is set aside and the case is remanded to the lower court to the end that an accounting may be had between the plaintiff and defendant consistent with the views herein expressed. Cost of this appeal to be paid by appellee, all other costs to await the final outcome of this case.