The above two cases involve the same issues and facts and were consolidated for the purpose of trial, but separate judgments were entered. Dr. Gardiner sued the defendant for $125 for professional services rendered one William Angier, and the Acadia Hospital sued for $336 to cover hospital services rendered the same patient for an injury received by him on the premises of the defendant motor company.
The petitions in each case are almost identical and allege that on September 6, 1940, W.J. Cleveland, President and Manager of the Cleveland Motors, Inc., called Dr. Gardiner who, together with Dr. J.W. Faulk, owns the Acadia Hospital, and advised him that the motor company was sending to the Hospital for treatment said Angier who had been seriously injured at the place of business of the motor company by one of its employees, and requested that Dr. Gardiner and the Hospital do all things needful for the injured person; that the motor company would pay for the medical attention and hospital services rendered the said injured person; that the President and Manager of the said motor company repeatedly stated that his company was responsible for and would pay the bills for the services rendered the injured person by Dr. Gardiner and the Acadia Hospital.
The defendant filed several exceptions which were overruled, but the only exception urged on the appeal is that of no right or cause of action. The defendant filed an original and a supplemental answer in both cases making a general denial of the allegations of the petitions, and averred that it was the holder of a liability policy issued by the Employers' Liability Assurance Corporation insuring the motor company against loss sustained by it on account of damages sustained by any person through accident, and for which the motor company might be held liable arising out of the operation of its business; that said Assurance Corporation agreed to defend any suit brought against the insured seeking damages from the insured and covered in the policy; that the said insurer should be called in warranty to defend the suits, and if any judgment should be rendered against the defendant, that a like judgment be rendered in its favor and against the insurance company, together with loss, damage and attorneys fees occasioned by these suits. In a supplemental answer, the defendant set out that it had duly notified its insurer of the accident and injury to said Angier, and that an adjuster of the *Page 546 
company had investigated the accident, had approved of the action of the motor company in sending the injured person to the hospital, and had instructed Dr. Gardiner and the hospital to continue to care for Angier; that after negotiating with Angier, the adjuster of the insurance company settled with him for the sum of $2750, and this settlement included the medical and hospital bills.
The insurance company filed an exception to the call in warranty on the ground that the petition of the plaintiff and the call in warranty in the answer of the defendant did not set out a right or cause of action against it. After these exceptions were overruled by the trial court, the insurance company filed an answer to the call in warranty and denied the allegations of plaintiffs' petitions, but admitted the issuance of the policy to defendant, and admitted that it was notified of the accident to Angier and that it had sent an adjuster to investigate the accident, and further admitted that a settlement had been made with Angier for $2750 which amount the insurance company averred included the amount due by Angier for his medical and hospital treatment.
The trial judge rendered judgment in favor of both plaintiffs against the Cleveland Motors, Inc., for the full amount sued for, and rendered judgment in favor of the motor company against the insurance company in the case of Dr. Gardiner for $75 and in the case of the Acadia Hospital for $47, these amounts being what the court found to be the immediate medical and surgical relief which the insured was authorized to secure for the injured person under the policy and bind the insurer therefor. The Cleveland Motors, Inc., and the Assurance Corporation appealed from the judgments.
The exceptions of no cause or right of action urged by both the defendant and the insurance company called in warranty are based on the ground that parol evidence cannot be admitted to prove the debt of a third person as provided in Article 2278 of the Civil Code; that the petitions of the plaintiffs show that the claims of Dr. Gardiner and the Acadia Hospital are debts due them by the person for whom the services were rendered, Angier, and the mere verbal promise of the motor company to pay for these services cannot be proved by parol evidence.
The suit is to enforce a primary obligation of the motor company to pay for the medical and hospital services rendered to a person injured on its premises and by one of its employees and for which there was a possible liability on the part of the motor company. Where an employer has an interest in minimizing the damages to which he might be subjected by reason of an accident occasioned by the acts of his employees, he has sufficient interest in giving proper treatment to a person injured in such an accident to form the consideration for a contract on his part to pay persons furnishing such treatment so as to make the employer primarily liable for such treatment. In such case, his promise to pay for such services is not a promise to pay the debt of a third person but is his own primary and individual debt. O'Ferrall v. Nashville Bridge Company, 165 La. 963, 116 So. 399; Drs. Toler Toler v. Munson, La.App., 163 So. 189; Id.,184 La. 895, 168 So. 93. The exceptions were properly overruled.
There can be no serious question as to the liability of the Cleveland Motors, Inc., for the medical and hospital bills incurred in the treatment of Angier. Immediately after his injury at the place of defendant, Angier was taken by the employees of the motor company to the Acadia Hospital for treatment, and shortly thereafter the President and Manager of the company called Dr. Gardiner and asked him to give the injured man whatever treatment was necessary. Mr. Cleveland said that he thought he had insurance to cover the expense, but admits that if he did not, he told Dr. Gardiner to go ahead and treat the man and he would see that he got his money. It was solely on the action and promises of the motor company that Dr. Gardiner and the Hospital gave the injured man the treatment. The injury was a serious one — a compound comminuted fracture of the left leg — and required treatment in the Hospital for about two months. There is no dispute as to the correctness of the charge of either Dr. Gardiner or the Acadia Hospital. Therefore, the judgment against the Cleveland Motors, Inc. is correct and should be affirmed.
On the appeal, the defendant urges that its insurer is liable for all the medical and hospital expenses in connection with the treatment of Angier in case the defendant *Page 547 
is held liable for that expense, and has asked for an increase in the amount of the judgment against its insurer to the full amount for which the defendant might be condemned for that expense. The insurance company, on the other hand, claims that it is not liable for any of these expenses for the reason that the defendant is not liable, and for the further reason that under a clause in the policy issued to the defendant to the effect that the insured (the motor company) should not, except at its own cost, voluntarily assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident; that under no circumstances can the insurer be liable for any expenses other than the immediate medical and surgical treatment which was imperative at the time of the accident, and that the cost of this relief was less than that awarded against the insurer in the judgments on the call in warranty.
As between the defendant and its insurance carrier, the right of the former to recover against the latter on the call in warranty depends on the contract between them. Under the above mentioned clause in the policy, the motor company had a right to secure immediate and imperative medical aid to the injured man and bind the insurer for the cost thereof. Regardless of whether or not the defendant motor company was liable to Angier for damages, there was a possible liability to him and it was to the interest of both the defendant and its insurer to minimize these potential damages by relieving Angier as much as possible. As the doctor and nurse state, if the injured man had not been given medical treatment immediately, there was danger of losing his leg, and even his life, in which event both defendant and its insurer might have been held for much greater damages.
In our opinion, the insurance company is liable to the defendant in these cases under the call in warranty for all the medical and hospital expenses which defendant has been condemned to pay to plaintiffs for the following reasons:
Acting within its legal rights, the defendant took immediate action after the accident to give the injured party the proper medical and surgical relief and immediately notified the insurance company of the accident. Within three days of the accident, the insurance company sent its adjuster to investigate the accident in order to determine whether or not there was any liability on the part of the defendant and its insurer to Angier for the injury. The adjuster called on Mr. Cleveland and the latter told him about sending Angier to the hospital and the conversation he had with Dr. Gardiner about treating the injured man, and asked the adjuster if he had done the right thing, and the adjuster told him that he had. The adjuster went to see Angier in the hospital just a few days after the accident and checked up on the records to find out the nature and extent of the man's injuries and how he was getting along. The adjuster talked to Dr. Gardiner while Angier was being treated in the hospital, and while he did not promise that the insurance company would pay the medical and hospital fees, yet during the time he was negotiating with Angier for the compromise settlement, he requested Dr. Gardiner to send the bills to the insurance company.
When the settlement with Angier was agreed upon, a draft was issued by the adjuster on his company for $2750 payable to Angier and Dr. Gardiner jointly. The adjuster called Dr. Gardiner from Lafayette where the settlement with Angier was apparently made and where the latter was still confined to his home, and suggested to Dr. Gardiner that he come over and endorse the draft and get his money. Dr. Gardiner did not go to Lafayette and sign the draft, and after a few days Angier notified the adjuster that Dr. Gardiner had not come to endorse the draft; that he wanted his money at once, otherwise he would call off the settlement, whereupon the adjuster took up the first draft and issued another payable to Angier alone who collected the draft and never paid the medical and hospital bills.
The insurance company, by its acts, completely approved and ratified the action of the motor company in sending Angier to the hospital for treatment and agreeing to pay for the service. At no time did the adjuster indicate to either Mr. Cleveland or Dr. Gardiner that the insurance company would only pay for immediate and imperative treatment, but on the contrary, led them both to believe that this continued treatment at the hospital met with its approval. If the insurance company intend ed to approve only so much of Cleveland *Page 548 
agreement as involved first aid treatment to Angier, it should have so indicated that fact to Cleveland after the adjuster was apprised of the situation, and thus have given Cleveland an opportunity to have the treatment discontinued and his further liability relieved.
The very purpose of permitting the insured to bind the insurer for immediate medical attention is to give the necessary treatment to the injured person until the insurer can be notified of the accident and injury and given an opportunity to itself arrange for further necessary treatment for its own protection, as well as that of the insured. Taylor v. Federal Surety Co.,225 Ky. 335, 8 S.W.2d 409. The insurer is bound for the entire treatment arranged for by the motor company not because of any direct promise to pay Dr. Gardiner and the Acadia Hospital, but because of its approval and ratification of the acts of its insured in providing this treatment in which both the insured and the insurer were interested in having furnished the injured person.
Separate decrees will be entered in each case in accordance with the views expressed in this opinion.
Gardiner Case:
For the reasons assigned in the consolidated cases of Dr. Gardiner v. Cleveland Motors, Inc., and Acadia Hospital v. Cleveland Motors, Inc., it is ordered that insofar as the judgment herein appealed from condemned the defendant, Cleveland Motors, Inc., to pay the above plaintiff the sum of $125 with legal interest thereon from judicial demand, the said judgment is affirmed; but the said judgment is hereby amended by increasing the amount on the call in warranty in favor of the defendant, Cleveland Motors, Inc., against the Employers' Liability Assurance Corporation, Ltd., from the sum of $75 to the sum of $125, and as thus amended, the said judgment is affirmed at the cost of the said Employers' Liability Assurance Corporation, Ltd., in both courts.
Acadia Hospital Case:
For the reasons assigned in the consolidated cases of Dr. Gardiner v. Cleveland Motors, Inc., and Acadia Hospital v. Cleveland Motors, Inc., it is ordered that insofar as the judgment herein appealed from condemned the defendant, Cleveland Motors, Inc., to pay the plaintiff herein the sum of $336, with legal interest thereon from judicial demand, the said judgment is hereby affirmed; but the said judgment is hereby amended by increasing the amount on the call in warranty in favor of said Cleveland Motors, Inc., against the Employers' Liability Assurance Corporation, Ltd., from the sum of $47 to the sum of $336, and as thus amended, the said judgment is hereby affirmed at the cost of said Employers' Liability Assurance Corporation, Ltd., in both courts.