LANDRY, Judge ad hoc.
Plaintiffs Maurice Magee, J. Marvin Magee and H. Clayton Magee, doing business as Maurice Magee Furniture Store, a commercial partnership, instituted this action against defendant Vinton Crowe seeking judgment in the sum of $157.91 for certain articles of furniture allegedly sold Crowe on open account.
Defendant Vinton Crowe answered the petition denying that he had purchased any of the furniture involved and alleging as a defense that the furniture had, in fact, been purchased by his employee, Allen Carpenter. Crowe not only denied purchasing the furniture in his own name but also denied that he guaranteed or “stood good” for Carpenter’s account. In the alternative, Crowe, pursuant to the provisions of the Third Party Practice Act, called Carpenter into this action as a third party defendant against whom he asks for judgment in whatever sum judgment may be rendered against him and in favor of plaintiff.
After trial on the merits, the lower court rendered judgment in favor of plaintiff against defendant Vinton Crowe and in favor of Crowe against Carpenter pursuant to the Third Party Petition filed by Crowe. The appeal herein was taken by defendant Vinton Crowe from the judgment against him in favor of plaintiff.
Carpenter, made defendant in Crowe’s Third Party Petition, filed no pleadings whatsoever although during the trial he testified as a witness for the defense and there appears in the record a letter signed by him in which he acknowledged that the articles of furniture involved in this litigation were purchased by him. Judgment was rendered against him by default and he has not appealed therefrom.
The only complaint of defendant Vinton Crowe is that the trial court erred in permitting the introduction of parol evidence to prove that he was responsible for the account. In this regard, it is defendant’s position that parol evidence is not admissible to prove a promise to pay the debt of a third party. In essence Crowe contends that the substance of plaintiff’s demand is not that the furniture in question was sold to him but that he agreed to pay Carpenter’s account.
Needless to say, the evidence regarding the circumstances leading up to the sale of the merchandise involved herein, is in hopeless conflict.
J. Marvin Magee, one of the partners in plaintiff business, testified that upon Crowe’s second visit to the store, he had a complete understanding with Crow regarding the purchase of the furniture and that he agreed to deliver the furniture to Carpenter but would not charge the articles to Carpenter. According to Marvin Magee, it was agreed between him and Crowe that the account would be Crowe’s. He further testified that on this occasion, Crowe himself selected each item of furniture with the understanding that Carpenter would come in the next day and select the color he desired. According to the witness, it was definitely arranged that the account would be carried in Crowe’s name and Crowe informed him that he would obtain reimbursement by withholding $15 per month from Carpenter’s salary. He also testified that the articles selected by Carpenter exceeded the amount Crowe agreed to pay and the following day he called Crowe’s attention to the fact and was told by Crowe that it would be all right.
Mr. H. Clayton Magee, member of plaintiff firm, testified that two or three days prior to November 9, 1956, defendant Vin-ton Crowe called at plaintiff’s establishment and discussed with him the possibility of a sale of furniture to Allen Carpenter who was an employee of Crowe’s. No definite arrangements were made at the time and on the 9th of November, 1956, Crowe returned to the store and discussed the matter with another member of the firm. Marvin Magee, (brother of Clayton) part of which conversation was heard by the witness, Clayton Magee. He testified *554 positively he heard his brother Marvin tell Crowe that under no circumstances would credit be extended Carpenter because the store had experienced a loss on merchandise which Carpenter had purchased and not paid for.
It is shown by the testimony of both Maurice and Clayton Magee that statements were sent Crowe and at no time was a bill or statement sent to Carpenter.
Defendant Vinton Crowe testified that at no time did he go into plaintiff’s store and that he did not tell Marvin Magee he would accept responsibility for the account. He stated that Marvin Magee called him on the telephone and told him Carpenter wanted to buy some furniture and that he told Magee he thought Carpenter would pay his bill. He acknowledged receiving statements and admitted throwing them in the waste basket without consulting plaintiff or discussing the matter with any member of plaintiff firm because he felt he did not owe the money.
Although he denied having gone to plaintiff’s store to discuss the transaction, the following excerpt from his testimony appearing on pages 18 and 19 of the transcript is deemed pertinent:
“Q. You heard Mr. Marvin Magee testify and Mr, Clayton Magee testify about you being there, Mr. Crowe, stating he heard the conversation between you and Mr. Marvin Magee ? A. Yes sir, I heard that.
“Q. Did that transpire then? A. I can’t say they are lying.”
Allen Carpenter called as a witness testified in substance that he purchased the furniture himself and that he knew nothing of any arrangement between plaintiff and Crowe to the effect that the furniture would be charged to Crowe. He did state that upon going into plaintiff’s store, he asked Marvin Magee if Crowe had spoken to him about he (Carpenter) coming in and was' informed that it was all right for him to select the items he desired. He also testified that following delivery of the furniture to him, he never received any statement or bill therefor. Carpenter stated that at the time he selected the furniture, he signed some papers which he thought he still had. Despite the fact the lower court granted him a delay of 10 days in which to file the documents in evidence, said documents were never produced.
Mrs. Vinton Crowe, called as a witness for defendant, testified in effect that she overheard a telephone conversation in which she heard her husband tell Marvin Magee that Carpenter was working for him and that he thought Carpenter would pay his bill. She further stated that approximately a month thereafter Marvin' Magee called her about the account and that some time after her conversation with Marvin Magee she and her husband started receiving bills from plaintiff.
That parol evidence is not admissible to prove a promise to pay the debt of a third party is well established in our jurisprudence. Article 2278, LSA-C.C.; Superior Merchandise Corporation v. Oser, La.App., 8 So.2d 770, Guillot v. Guillot, 141 La. 81, 74 So. 702. See also the recent case of Litton v. Parker, La.App., 106 So.2d 776.
If the debt herein involved is that of Allen Carpenter, the position of defendant Vinton Crowe is well taken because plaintiff has failed to prove Crowe has agreed to pay said obligation in writing. However, if the account is in fact that of Crowe as alleged by plaintiff then the rule sought to be invoked by Crowe is inapplicable for the reason that there is no provision in our law which would prohibit plaintiff from establishing direct or primary obligation for an open account by parol evidence.
 The judge of the trial court concluded the evidence established that the debt in question was a direct obligation of defendant Crowe and that parol evidence was, therefore, admissible to prove the account.
*555 It is elementary that the conclusions of fact reached by a trial court are entitled to- great weight and will not be disturbed unless manifestly erroneous. We not only find no manifest error in the trial court’s conclusions in this regard but we also find said conclusions to be entirely justified by the evidence.
Defendant Allen Carpenter did not appeal the default judgment rendered against him in favor of Third Party Plaintiff Vinton Crowe, therefore, said judgment must also be affirmed.
For the reasons herein assigned, the judgment of the lower court in favor of plaintiff, Maurice Magee, J. Marvin Magee and H. Clayton Magee d/b/a Maurice Magee Furniture Store against defendant, Vinton Crowe, and in favor of Third Party Plaintiff, Vinton Crowe, against Third Party Defendant, Allen Carpenter, is affirmed. Costs to be paid by appellant.
Affirmed.