AYRES, Judge.
This is an action to recover the sum of $4,740.52 in principal, plus interest and at *465 torney’s fees, as the alleged purchase price of merchandise sold and delivered to Dixie Dump Service Company of Louisiana, an alleged partnership (not made a party hereto), and which merchandise was purportedly used in the construction of two certain-described highway projects of which the named defendant was either a principal contractor or a subcontractor. Further relief is sought in the recognition of a lien and privilege in favor of plaintiff upon said projects.
For an appreciation and understanding of the nature and cause of this action a brief statement of certain of the undisputed facts appears appropriate. Campbell Construction Company, Incorporated, sometimes hereinafter referred to as Campbell, was the principal contractor with the State of Louisiana in the performance of certain work on a project referred to as the Mclntyre-Dixie Inn Highway, a segment of U. S. Highway 80; Taylor-Wheless Co., Inc., and W. R. Fairchild Construction Company were the principal contractors with the State on a project of Interstate Highway 20, known as the Minden Bypass; and Campbell was the subcontractor for the paving on this latter project.
Under date of April 27, 1959, Campbell entered into a contract with Dixie Dump Service Company of Louisiana to haul and deliver, in place, on the Minden Bypass project, concrete dry batches in connection with the paving of said project. No work was contemplated to be done, nor was done, by the subcontractor in connection with the other project. The work under this subcontract was performed during the periods of July 1 to September 30, 1959, and of March 30 to April 16, 1960.
The statement of the account sued upon and for which the purchaser, Dixie Dump Service Company of Louisiana, executed its note payable to plaintiff included such items as truck tires and tubes, air-conditioning units, a phonograph, and television sets. An analysis of the account shows: (1) that the merchandise purchased while the subcontractor was performing work on the Minden Bypass project amounted to the sum of $2,291.82; (2) that the personal merchandise, such as the phonograph, television sets, and air-conditioning units, amounted to $1,406.04; (3) that the truck tires and tubes, while the subcontractor was performing services on another project on which T. L. James & Company, Inc., was the principal contractor, amounted to the sum of $3,023.60; and (4) various and sundry other charges, including interest, amounted to the sum of $519.06.
Liens were filed on both of the aforesaid projects.
In addition to Campbell and its surety, the principal contractors on the Minden Bypass project and their sureties were also made defendants.
The theory under which Campbell is first sought to be held liable to plaintiff is that it had directly contracted the debt. All other defendants are sought to be held for the reason that, it is claimed, plaintiff is entitled to a lien upon both of said projects, for the preservation of which it had executed, and filed for record, its claim.
On the first of these propositions, the evidence preponderates against the plaintiff and in favor of the defendant Campbell Construction Company, Incorporated. Plaintiff’s testimony in that regard is emphatically denied by defendant’s representative. Moreover, the subcontract between Campbell and Dixie Dump Service Company of Louisiana was entered into two months before plaintiff learned that the latter had entered into a subcontract with the former. We, therefore, find inap-posite the cases of Collier v. Brown, 2d Cir., 1932, 11 La.App. 567, 141 So. 405; Gardiner v. Cleveland Motors, Inc. (Acadia Hospital v. Same), La.App. 1st Cir., 1944, 16 So.2d 544; Magee v. Crowe, La.App. 1st Cir., 1959, 111 So.2d 552, cited by plaintiff.
A further contention is made, however, that Campbell guaranteed the account of the subcontractor. The record *466 does not support this proposition. Plaintiff’s testimony was contradicted by that of the defendant, as was also the case on the point just referred to. Nevertheless, it may be pointed out that parol evidence is not admissible to prove a promise to pay the debt of a third person. LSA-C.C. art. 2278. The jurisprudence is so well settled ■on this point as to obviate the necessity of •citing- additional authorities.
As heretofore observed, the purchases of merchandise, while the subcontractor was engaged in the performance of its undertaking with Campbell, for which the vendor may or may not have been entitled to a lien, amounted to the sum of $2,-291.82. By order of the subcontractor, 'Campbell, under date of November 13, 1959, •executed its check for the sum of $2,500.00, ■payable jointly to plaintiff and the subcontractor for the purpose of paying and •discharging said obligation, the exact amount of which was not then ascertained. Therefore, the debt of the subcontractor, contracted while in the service of Campbell, was paid.
There remains for resolution the question as to whether plaintiff has a preferential claim or lien for the remainder of the sub•contractor’s account with plaintiff. The .appropriate statute with reference to public ■works, LSA-R.S. 38:2241 et seq., provides that any person to whom money is due for, .among other things, materials and supplies for use in machines used in the construction, alteration, or repair of public works may, after the maturity of his claim and within 45 days after the recordation of the .acceptance of said work, file a sworn state■ment of the amount due him with the authority having the work done and record a similar statement in the office of the recorder of mortgages in the parish in which said work was done. Any payments made thereafter without deducting the .amount of such claim suffice to make the .authority letting the contract and making the payment liable for the payment of such •claim.
The balance of the account for which preferential payment is claimed included television sets, a phonograph, four air-conditioning units, truck tires and tubes, and tools. The phonograph, television sets, and air-conditioning units were bought and furnished for the purchaser’s personal convenience, service, and comfort. These items obviously had no connection with the performance of the subcontract. The other items, such as truck tires, tubes, and tools, were bought and furnished for the purchaser’s trucks. These materials were shown to have survived the completion of the work and remained the personal property of the purchaser and subject to further use on other work.
Under the statute to which we have referred, and in accordance with the well-settled jurisprudence of this State, the aforesaid items are not lienable, nor are they entitled to payment by preference out of the funds constituting the contract price of the work undertaken. This is true because such materials were not used or consumed “in” machines used in the performance of the work. In this regard, it may be noted that the Supreme Court specifically pointed out, in Rester v. Moody & Stewart, 172 La. 510, 134 So. 690, that tubes, tires, brake drums, shafts, and similar parts used on trucks or machinery became permanent parts of the vehicles to which they were attached and were not necessarily consumed in the execution of the work. Such materials, when purchased by a contractor, thus become his personal property subject to his further use on other contracts.
 Neither is there liability on the part of defendants’ insurers. Sureties on the contractors’ bonds given pursuant to the public works statute, above referred to, are not liable on their bonds for the purchase price or for the repair of tools, appliances, or instrumentalities forming a part of the contractor’s plant or equipment which survives the performance of the contract and is available for use on other contracts. Rester v. Moody & Stewart, *467 supra; Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545; B. & G. Crane Service, Inc. v. Anderson Bros. Corp., La.App. 1st Cir., 1961, 132 So.2d 681.
Thus, the conclusion is inescapable that defendant Campbell did not contract with plaintiff for the purchase of the items constituting the account sued upon and did not make such account its direct obligation; nor does the evidence establish that it guaranteed or promised to pay said account; that such of plaintiff’s account as was made by the subcontractor, while in the service of the named defendant, was paid and the obligation extinguished; and that the other items of the account were not used or consumed in said work nor in machines while used in the performance of the subcontract, and are, therefore, not lienable or entitled to preferential payment from the price of said project. These obviously were the conclusions of the trial court, with which we are in accord.
The judgment appealed is, therefore, affirmed at plaintiff-appellant’s cost.
Affirmed.