CHASEZ, Judge.
This suit was initiated by Jahncke Service, Inc., hereinafter referred to as Jahn-cke, against M. A. Donnelly individually, and Fertel, Inc., hereinafter referred to as Fertel. Jahncke alleged that Donnelly was indebted to it on an open account in the amount of $20,485.13, and that Fertel as Donnelly’s guarantor was also indebted to Jahncke for the same amount. Fertel filed a reconventional demand against Jahncke in the sum of $51,463.35.
At the trial of this matter Jahncke reduced its demand against Fertel to $17,992.-44. Judgment was rendered against Fertel and Donnelly in this amount, in solido, and against Donnelly individually for the additional sum of $2,492.69. Fertel’s reconven-tional demand against Jahncke was dismissed. Fertel alone has taken this appeal.
The record reveals that by agreement between Fertel and Donnelly, Donnelly was to supply concrete to Fertel’s levee construction jobsites on the Mississippi River. Donnelly negotiated with Jahncke to obtain the sand, gravel and other materials necessary to make the concrete. Apparently Jahncke was hesitant to supply the large amount of material needed by Donnelly without some assurance that it would be paid. What transpired between the parties at this point is not clear from the record, however the following letter was sent from Fertel to Jahncke.
“July 2, 1965
“Jahncke Service, Inc.
451 Howard Avenue
New Orleans, La.
“Attn.: Mr. J. M. Short
Credit Manager
“Dear Sir:
“This is to confirm our discussions with you concerning payment for materials supplied by you to Mr. Arthur Donnelly to be used on our work on the Lower Sulphur, Empire and Buras levees. We shall make out a separate check in the amount necessary to cover cost of aggregates and cement as furnished by you, have this check endorsed by Mr. Donnelly and give or send same to you or your representative as invoices be come due. Mr. Donnelly has agreed to comply with this procedure.
“Your cooperation in this matter is appreciated.
Yours very truly,
FERTEL, INC.
/s/ HARVEY T. ZAMMIT
Vice President”
*557 Presumably on the strength of this letter, Jahncke supplied the materials to Donnelly which comprise the $17,922.44 judgment herein. The amount of the claim is not in dispute. The record establishes that the materials were in fact delivered to Donnelly. However Fertel vigorously opposes the trial judge’s finding that it guaranteed payment of these charges.
In his reasons for judgment the trial judge stated in pertinent part:
“Considering all of the facts, the Court is of the opinion that Fertel did guarantee the payment of Donnelly’s account, by virtue of the letter of July 2, 1965, together with the testimony in connection therewith.”
Fertel argues that the letter of July 2, 1965 did not of itself constitute such a guarantee, and that the trial judge committed error by considering parol evidence to support its judgment. Fertel cites LSA-C.C. arts. 2278[1] and 3039[2] and the decisions in Miller v. Housing Authority of New Orleans, 175 So.2d 326 (La.App. 4th Cir. 1965); Basso v. Export Warrant Co., 194 La. 303, 193 So. 654 (1940); Brown and Root, Inc. v. Gifford-Hill and Co., 319 F.2d 65 (5th Cir. 1963); Watson Bros. v. Jones, 125 La. 249, 51 So. 187 (1910); Waldrip Tire & Supply Co. v. Campbell Construction Co., 158 So.2d 464 (La.App. 2 Cir. 1963).
We must agree that the letter of July 2, 1965 from Fertel to Jahncke is not of itself an enforceable guarantee that Fertel would pay on Donnelly’s account if Donnelly himself was not able to pay.
The letter is at best quite ambiguous as to what the intentions of the parties were in this regard. While this ambiguity may not be fatal in all cases, when as here there is no way of determining from the written instrument any indication that the writer intended to be bound, we find that the requirements of LSA-C.C. art. 3039 have not been met. For a full discussion of this problem see XIII Tulane L.Rev. 519.
The most that can be said for this document is that it is a statement of intent by Fertel that it would follow a certain procedure in issuing checks to pay Donnelly for the concrete he furnished. According to this procedure Fertel would issue separate checks .to Donnelly to cover the cost of the materials Jahncke delivered to him, and Fertel would see to it that Donnelly then indorsed these checks and they would be given in turn to Jahncke.
Thus as the letter of July 2, 1965 does not evidence a contract of surety, and as the law is settled that one cannot be proven by parol evidence, we can find no basis for holding that Fertel is indebted to Jahncke as Donnelly’s guarantor.
In the Brown and Root case, supra, the Court was faced with a very similar factual situation to the one presented here. In that case the Court did find an oral promise to pay the debt of the primary obligor, however the Court was of the opinion that under Louisiana law this type of oral contract cannot be enforced.
Appellee herein, Jahncke, argues that Fertel’s letter of July 2, 1965, as well as the testimony and evidence introduced at trial, also indicates an agreement by Fertel to be responsible as primary obligor for the cost of all materials shipped to Donnelly. Thus it concludes that as this obligation is one which does not have to have been in writing to be enforceable, the judgment of the lower court should be affirmed on that basis.
We agree with Jahncke’s premise that Fertel could have made itself primarily *558 responsible to Jahncke for the materials even though they were delivered to Donnelly and that this obligation can be established by parol as well as written evidence. Numerous decisions have firmly established this point. In National Materials Co. v. Guest, 147 So. 771, La.App.Orl.1933 this Court stated at page 772:
“[2] We find much authority to the effect that whereas the general rule in this state, as well as elsewhere, is that, as set forth in paragraph 3 of article 2278 of the Civil Code, ‘Parol evidence shall not be received: * * * To prove any promise to pay the debt of a third person.’ and that, therefore, no such promise, unless in writing, may form the basis of a suit, a plaintiff may by oral evidence establish liability in a defendant for merchandise delivered to a third person, if the said defendant can be shown by parol to have promised to pay the debt as his own absolute and primary obligation and has not made his promise conditional upon the failure of the third person to pay.”
Nonetheless in the case before us we do not find that such a situation existed. Again the letter of July 2, 1965 does not indicate any intention on the part of Fer-tel to be primarily or secondarily obligated for the materials shipped to Donnelly. Further a close examination of the testimony and evidence in the record before us simply does not reveal such an oral agreement. Thus as we can find no basis to substantiate the plaintiff’s claim either on the basis of a written surety agreement or an oral contract indicating a primary obligation we have no alternative but to reverse the judgment of the trial Court which granted judgment against Fertel in favor of Jahncke.
Finally we reach Fertel’s reconven-tional demand against Jahncke for $51,463.-35 which was rejected by the trial Court. This demand was also based upon an alleged surety agreement. Fertel contends that by a letter of May 25, 1965 Jahncke guaranteed to supply at $16.50 per cubic yard, all the concrete Fertel needed for its jobsites, if for some reason Donnelly was unable to “work out the finances to set up your [Donnelly’s] concrete plant at Buras.” The record reflects that Donnelly was able to set up his concrete plant but that it suffered storm damage in September, 1965. Fertel eventually purchased concrete at $23.50 per cubic yard and it is this $7.00 difference in the price per cubic yard which comprises Fertel’s $51,463.35 claim. Without going into great detail on that point suffice it to say that we have carefully examined the letter of May 25, 1965 upon which Fertel bases his recon-ventional demand and conclude that it does not evidence an enforceable surety agreement under the facts, as presented herein. In this we concur with the reasons for judgment handed down by the trial court to the extent that they read as follows:
“ * * On the other hand the Court does not consider that Jahncke’s letter of May 25, 1965 was a guarantee by Jahncke on this particular contract. The condition which occasioned Jahncke’s letter of May 25, 1965 had already passed out of the picture in the preliminary operations, * * * ”
For the reasons hereinabove stated the decision of the trial judge is reversed insofar as it grants judgment in favor of Jahncke Service, Inc. against Fertel, Inc. in the sum of $17,992.44. In all other respects this judgment is affirmed, appellee to pay the costs of this appeal.
Reversed in part, affirmed in part and rendered.

. LSA-C.C. art. 2278 provides in pertinent part:
“Parole evidence shall not be received:
* * * * *
“3. To prove any promise to pay the debt of a third person.”

. LSA-C.C. art. 3039 provides:
“Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.”