BARHAM, Justice
(dissenting).
I am unable to determine whether the majority’s judgment is founded upon guaranty, suretyship, contract to purchase, or some other contract imposing a primary obligation upon defendant Fertel to pay for materials purchased by another. Guaranty and suretyship may not be proved by parol evidence, and the written instrument relied upon fails to establish these obligations. No one can seriously argue that the record supports a finding of a contract of purchase between Jahncke and Fertel. Any other contractual relationship establishing a primary obligation would require the plaintiff to prove all of the elements of a contract including consideration. Plaintiff has failed to make such a showing.
I am in complete agreement with the following findings of the majority:
“ * * * Thus, it may be seen in clear and unambiguous language the procedure to be followed for payment of the material was specific.
“That this was the understanding between Jahncke and Fertel is unmistakably supported by the evidence in the record, both documentary and parol. * * *
“ * * * The letter was simply a confirmation of the agreement that had been entered into between Jahncke and Fertel for the method to be followed in paying for the material Jahncke would supply Donnelly * * (Emphasis supplied.)
These findings clearly establish that the letter of July 2 was simply a unilateral proposal or accommodation without consid *514 eration for a “procedure to be followed for payment”. Neither the record nor those findings establish an obligation on the part of Fertel to pay Donnelly’s debt to Jahncke.
For these reasons and those set forth by the Court of Appeal, 220 So.2d 555, I respectfully dissent.